(Nos. 4337-4338- )

ANTOINETTE SOMMER, ET AL, No. 4337, AND ALVIN FRIEDERICH, ET AL, No. 4338, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 11, 1952.*

MERYL T. SCHROEDER AND HERBERT F. LILL, Attorneys for Claimants.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

In case No. 4338, the claimants are Alvin Friederich, his wife, Ethel, his minor children, James and Carol Jean, his brother-in-law, Vernon Middendorf, and his wife, Delores. The State Farm Mutual Auto Insurance Company of Bloomington, Illinois is a claimant, as subrogee to Alvin Friederich.

Shortly after midnight on May 31, 1950, the claimants were riding in a 1946 Model Chevrolet Tudor Sedan driven by Alvin Friederich. They were returning to Mascoutah, Illinois from a church picnic at St. Libory on a State Highway marked Routes Nos. 43 and 460. At a point approximately three and one-half miles east of Fayetteville, Illinois, Alvin Friederich turned off of the paved portion of the road onto the shoulder in order to avoid two cars, which were coming toward him abreast. A collision was avoided, but, as

Friederich attempted to return to the pavement, he lost control of his car, which went across the pavement and into a ditch, severely damaging the car and injuring the claimants.

In Case No. 4337, the claimants are Antoinette Sommer, her husband, Lawrence Sommer, and her minor children, Eileen and Raymond Sommer. The State Farm Mutual Auto Insurance Company has expended certain sums on behalf of these claimants, but asserts no rights in this claim.

On June 28, 1950, at approximately 1:30 P.M., Antoinette Sommer was driving a 1947 Model Chevrolet Tudor Sedan, owned by her husband, Lawrence Sommer, and was accompanied by her minor children, Eileen, Raymond and Jerry. Claimants were driving from their home to Albers, Illinois on Highways Nos. 43 and 460, between Fayetteville and St. Libory. At a point near the place where the Friederichs' accident occurred, Antoinette Sommer drove off of the pavement, and, in attempting to return to it, lost control of the car, which went across the road off of the shoulder, turned over, went across a ditch, and came to a stop with its wheels headed in the opposite direction from which it had started. The car was severely damaged, and all of its occupants, except Jerry Sommer, were injured.

The claimants in each of these cases contend that the State of Illinois was negligent in maintaining the highway, marked Routes Nos. 43 and 460 between Fayetteville and St. Libory, in such a manner that the shoulder was lower than the paved portion, and they seek to recover for the injuries sustained in the respective accidents.

The respondent contends that, although the claim-

ants were licensed and privileged to use the public highways, they used them subject to the restrictions legally placed upon such use, and that the statutes required the vehicles in these cases to be driven upon the right half of the pavement, and as the vehicles in these cases were not so operated, the claimants cannot recover herein. The respondent further contends that the fact that the shoulder was depressed, so that it was lower than the pavement along the highway where the accidents complained of herein occurred, merely created a condition, and the subsequent acts of a third person caused the injury.

The record consists of complaint in Cases Nos. 4337 and 4338, amended complaint in Case No. 4338, transcript of evidence, claimants' exhibits Nos. 1 - 13, inc., respondent's exhibits A and B, abstract of evidence, brief and argument of claimants, statement, brief and argument of respondent, reply brief of claimants, and oral arguments of all of the parties concerned herein.

Vehicles upon highways, which are paved, are required to be driven upon the right half of the pavement, except in certain situations.

(A). Section 54 of the "Uniform Act Regulating Traffic on Highways" provides as follows:

"Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, except as follows:

1. When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement;

2. When the right half of a roadway is closed to traffic while under construction or repair;

3. Upon a roadway divided into three marked lanes for traffic under the rules applicable thereon; or

4. Upon a roadway designated and sign posted for one way traffic.

5. Whenever there is a single tract paved road on one side of the public highway and two vehicles meet thereon, the driver on whose right is the wider shoulder shall give the right-of-way on such pavement to the other vehicle."

Par. 151, Chap. 95½, Ill. Rev. Stat., 1949.

(B). The terms "roadway" and "improved highway" are defined by Section 12 as follows:

"(d) Roadway. That portion of a highway improved, designed, or ordinarily used for vehicular travel.

(e) Improved highway. Whenever the term 'improved highway' is used in this Act, it shall be construed to include roadways of concrete, brick, asphalt, macadam and gravel."

Par. 109, Chap. 95½, Ill. Rev. Stat., 1949.

Both of the cases before this Court present the question of the duty of the respondent, the State of Illinois, in the maintenance of the shoulder of its highways.

We do not feel respondent has a duty to maintain the shoulders of its highways in a manner that would insure the safety of vehicles turning off onto the shoulder, for whatever their purpose might be, and then attempting to return to the roadway, while traveling at the same speed. We do not feel that the State of Illinois is bound to the same degree of care in the maintenance of its highways as required by a city in the maintenance of its streets.

A close examination of the record does not show negligence on the part of the respondent, the State of Illinois, and for the reasons assigned, the claims must be denied, and the causes of action herein dismissed.