(No. 74-CC-0667—)

ARNOLD UFER, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed July 31, 1979.*

SCHWARZ & SELF (JOHN S. SELF, of counsel), for Claimant.

WILLIAM J. SCOTT, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel) for Respondent.

POCH, J.

Claimant seeks to recover for personal injuries sustained by him on April 25, 1973, when a vehicle operated by Claimant in a westerly direction along Highway 108 in Breen County, Illinois, collided with large piles of sand located in the westbound lane at or near an area where sandbagging operations were taking place due to emergency flood conditions. Claimant and the State have stipulated that Claimant's damages are in the sum of $2,733.95.

Before Claimant can recover he must prove (1) Respondent's negligence, (2) Claimant's freedom from

contributory negligence, and (3) that Respondent's negligence was the proximate cause of the injuries suffered by Claimant.

Claimant testified that at approximately 8:30 p.m. April 25, 1973, he was operating his vehicle in a westerly direction along and upon Highway 108, extending west from Eldred, Illinois. It was a very dark night. Approximately one mile west of Eldred, Illinois, Claimant came upon a pile of sand blocking the westbound lane of Highway 108. Claimant was unable to stop and ran into the sand, totally destroying his automobile and causing personal injuries to Claimant's mouth and head. Claimant had his headlights on at the time of the accident. Claimant testified that there were no lights, barricades or warnings near the pile of sand and that he had no notice of any sand being piled on the highway.

The parties stipulated that a report of Sheriff Langley of Breen County could be admitted and considered by the Court in this cause. Langley's report contains the following statement:

"No notification on the highway that the sand was piled on the highway. The State of Illinois was in charge of piling the sand on the highway."

The duty of the State is to keep its highways reasonably safe for ordinary travel by persons using due care and caution for their own safety. *Sommer v. State of Illinois* (1952), 21 Ill. Ct. Cl. 259. This Court has also held that if the State has knowledge, actual or constructive, of a dangerous condition on its highways, and fails to warn the public of the condition, with resultant injury, the State is responsible and must pay damages for its negligence. *Bovey v. State of Illinois* (1955), 22 Ill. Ct. Cl. 95. A pile of sand completely blocking the lane of traffic, being several tons in amount and approximately four and one-half feet in height, certainly constitutes a dangerous hazard on a State highway.

Claimant argues that the State was negligent in failing to adequately warn users of the highway of a known dangerous condition. A preponderance of the evidence demonstrates the accuracy of Claimant's position. It is the opinion of the Court that even though a barricade may have existed on Route 108 at the west edge of Eldred, Illinois, this was not sufficient warning to the users of Route 108 of the extremely dangerous condition then existent. It is important to note here that although a barricade was set up, the road was open to local area traffic such as residents and workers.

Claimant's uncontradicted testimony with respect to his operation of the motor vehicle on the night of the accident proves by a preponderance of the evidence that Claimant was free from contributory negligence. There is no question that the negligence of Respondent proximately caused Claimant's injuries.

Accordingly, an award is entered in favor of the Claimant, Arnold Ufer, in the sum of the stipulated damages, being $2,733.95.