(No. 4858—)

BETTY ZIDEK, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 11, 1969.*

EUGENE R. WARD, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General, MORTON L. ZASLAVSKY and BRUCE J. FINNE, Assistant Attorneys General, for Respondent.

BOOKWALTER, J.

Claimant, Betty Zidek, seeks recovery in the sum of $25,000.00 for personal injuries and related damages allegedly suffered when her automobile went out of con-

trol, and plunged over a bridge maintained by respondent.

The only testimony in this cause was given by claimant. Mrs. Zidek testified that on the morning of February 15, 1958, she was driving her automobile in a northerly direction on Harlem Avenue at or near West 69th Street in Cook County, Illinois; that she was en route to her place of employment, the National Chemical Company, which is located at 6216 West 66th Place, Clariton, Illinois. She testified that her speed at the time of the accident was approximately 15 - 20 miles per hour.

She stated that, as she was driving on the bridge over the Indiana Harbor Belt Railroad tracks at the aforesaid location, her car began to skid as a result of the icy and slippery condition of the bridge, and she skidded off of the bridge onto the railroad tracks some 75 feet below the bridge. After the car had started to skid, claimant's testimony was to the effect that she attempted to bring the car under control, but that she did not apply her brakes.

The highway in this case rises and curves as it approaches the bridge overpass, and is slightly banked. There were no guard rails on the east side of the bridge, the one over which the car plunged, and no warning signs indicating the absence of such rails. There were, however, signs to the effect that the bridge was slippery when wet. Some time after the accident, concrete guard rails were installed on both the east and west sides of the bridge in question.

As a result of this accident, claimant sustained a dislocation of her left hip; fracture of the neck of the right hip, which was repaired by open reduction surgery and the insertion of a metal screw; a fracture of the shaft of the right femur, which was repaired by open reduction surgery and the insertion of a metal plate; fracture of the left fibula; multiple fractures of the ribs, and a cerebral concussion.

Claimant's Item of Special Damages, as testified to by claimant, and as stipulated by both parties, are as follows:

| | |
|---|---|
| Dr. Kenneth Fitzgerald | $1,500.00 |
| Drs. Robert Meany and F. M. Howard | 1,525.00 |
| Arthur Wells, Physiotherapy | 336.00 |
| Little Company of Mary Hospital | 1,963.74 |
| Little Company of Mary Hospital | 137.75 |
| Little Company of Mary Hospital | 249.60 |
| Little Company of Mary Hospital | 37.75 |
| Little Company of Mary Hospital | 39.00 |
| Chicago Orthopedic Company | 82.50 |
| Dr. A. D. Valiunes (Anesthestist) | 60.00 |
| Dr. Kenneth Wang (Anesthestist) | 85.00 |
| Southwest Ambulance | 28.00 |
| Medicines | 60.61 |
| Household Help | 800.00 |
| Loss of wages as indicated by letter from Employer, National Chemical Company | 1,950.00 |
| Total | $8,854.95 |

Claimant testified that, as a result of the accident, she is unable to bend her right knee, and that her right leg is stiff, causing her to walk with a limp.

In order for claimant to be entitled to an award she must prove the following elements by a preponderance of the evidence: (1) That respondent was negligent; (2) That such negligence was the proximate cause of her injury; and (3) That claimant was in the exercise of due care for her own safety. We are all aware of the fact that the State of Illinois is not an insurer of all persons who travel its highways. However, the State is bound to maintain its highways in such a manner that those using them may travel in a reasonably safe manner.

In this case respondent did nothing to fulfill its duty to the public to maintain the roadway in a safe condition. There were no warning signs and no temporary barricade even though respondent knew of the dangerous condition of the bridge when it became slippery due to moisture, and the even more dangerous condition where, as in this case,

the bridge was covered with snow and ice. There is no question that the absence of the guard rails was the cause in fact of the injuries sustained by claimant, and the proximate cause of these injuries. Had the guard rails or some other temporary structure been in place, this type of accident would never have occurred.

Respondent's emphasis on the case of *Vogt, et al,* vs. *State of Illinois,* 18 C.C.R. 202 is misplaced. In that case the skidding of claimant's car was the cause of his injury, a fact for which respondent could not be held accountable, whereas in the case before us the absence of the guard rails was the proximate cause of claimant's severe injuries, and not alone the skidding of her automobile.

We are of the opinion that claimant's testimony as to the speed of her vehicle at the time of the accident and as to her attempt to bring the car under control, without evidence to the contrary by respondent, discharges her burden of proving that she was free from contributory negligence. It is, therefore, the opinion of this Court that claimant be awarded the sum of $19,500.00 as an award for medical expenses, loss of earnings, pain and suffering, and for any permanent disability or loss of use she may have sustained.