(No. 5695—▮▮▮▮▮)

CAROL WILSON, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Order allowing motion to dismiss filed November 19, 1976.*

*Order on denial of motion to vacate dismissal filed October 16, 1979.*

*Opinion filed November 23, 1981.*

ROBERT A. HOLSTEIN, for Claimant.

TYRONE C. FAHNER, Attorney General (JOHN R. FANONE, Assistant Attorney General, of counsel), for Respondent.

## ORDER ALLOWING MOTION TO DISMISS

PERLIN, C. J.

This cause is before the Court on the motion of Respondent to dismiss. It appears that an action arising out of the same occurrence was filed in the circuit court of Kane County by Claimant, and that a jury verdict was returned for the defendants in that cause. Respondent

has submitted a copy of a special interrogatory answered by the jury in that action, in which the jury stated that the decedent, Lester D. D. Wilson, was negligent before and at the time of the occurrence, which proximately contributed to the accident.

It is Respondent's position that the jury's finding of contributory negligence in the Kane County trial is *res judicata* of that same issue in this action, and that Claimant is therefore estopped to argue that the deceased was free from contributory negligence.

Claimant has not responded to the motion to dismiss.

On consideration of the motion to dismiss, the Court finds that the jury determination of contributory negligence by the deceased, in the action arising out of the same occurrence tried in Kane County, is *res judicata* of that issue in this action. Since freedom from contributory negligence is an essential element of Claimant's cause of action, recovery in this action is barred.

It is therefore ordered that this cause be, and hereby is, dismissed.

## ORDER ON DENIAL OF MOTION TO VACATE DISMISSAL

Poch, J.

This cause coming to be heard on the motion of the Claimant to vacate the commissioner's order of dismissal and upon the Respondent's motion to dismiss the claim, due notice being given, the Claimant not responding to Respondent's motion to dismiss and the Court being fully advised:

Finds that:

1. This cause was filed on October 24, 1969, and has been dismissed twice during the pendency of the claim.

2. The Claimant has not filed its brief nor has the Claimant asked for any extension of time to do so since the final transcript was filed on January 9, 1979.

3. The Attorney General has advised the Claimant on two occasions, towit: March 13, 1979, and May 11, 1979, that Rule 18 of this Court requires the Claimant to file its brief within sixty (60) days of the filing of the final transcript of the evidence. The Claimant has not responded to notice from the Attorney General nor has the Claimant responded to the motion of the Respondent to dismiss filed on June 20, 1979.

It is hereby ordered:

That the motion of the Respondent to dismiss the claim be and the same is hereby granted and the cause is dismissed.

## OPINION

POCH, J.

This is a claim for damages brought by Carol Wilson, both as an individual and as administrator of the estate of Lester Wilson, who was the husband of the Claimant. Evidence concerning the facts was heard by a commissioner of this Court. The following summarizes the evidence. The decedent left his home on the evening of November 18, 1968. According to his wife his usual route of travel was over Route 25, which passes over the Northwest Tollway. At that point Route 25 has a bridge going over the tollway on the way to Elgin, Illinois. The decedent was fatally injured in an accident on the upgrade portion of the overpass for southbound traffic.

Officer Eric K. Isom of the Elgin police department

testified that he and his partner drove in a northerly direction on the Route 25 bridge. The road surface was in a slick and hazardous condition, at one time placing their squad car in a non-controlled skid. They placed a flare with 20 minutes duration and notified their own dispatcher but not the State of Illinois dispatcher. They did not close the bridge or reroute traffic. Approximately one hour later the officers drove back to the bridge and saw several vehicles there with the decedent lying on the ground outside of his vehicle. The decedent was taken to a hospital where he died of his injuries on December 7, 1968.

Officer Isom did not see any State of Illinois trucks at the bridge. There was a State facility for trucks and plows in Elgin, which was three to four miles away. He had been told over his radio the bridge would be salted.

Respondent does not contest the fact that there were no warning signs, flares or other warning devices at Route 25 on the bridge over the Northwest Tollway. Nor does Respondent contest that it has the legal duty to use reasonable care to motorists using the bridge and highways.

The Claimant called Joseph Kostur, the safety and claims manager of District One for the Illinois Department of Transportation. He testified that the State maintained, but did not own, the Route 25 overpass. He did not know of any auto collisions before the fall of 1968 at that location due to icy or slick conditions. On November 18, 1968, State salt trucks were dispatched into the area and had been out since 8:00 a.m. He testified that the Department of Transportation did not receive any notice from the Elgin police department of any dangerous condition on the Route 25 overpass. He also testified

that the surface of the overpass was made of Portland cement which was the least slick of all road deck surfaces.

The Respondent introduced the report of its highway division showing that the decedent was standing on the roadway and not on the median strip when he was injured.

This claim was pending for a number of years pending the outcome of a suit for personal injuries filed in the circuit court of Cook County against one of the other motorists involved in the accident. That case was settled without a trial.

It is well settled that the State of Illinois is not an insurer of the highway conditions under its maintenance and control. (*Ohms v. State* (1975), 30 Ill. Ct. Cl. 410, 413-14.) The Claimant has the burden of proving Respondent's negligence by the preponderance of competent evidence. *Ziden v. State* (1969), 27 Ill. Ct. Cl. 12, 14.

The decedent's death was tragic and untimely but the Claimant has not furnished any proof of what caused the accident. There was no evidence adduced to prove why the decedent was standing on the highway when he was injured. Thus there is no proof as to the cause of Lester Wilson's death.

There was no proof that the Respondent had actual knowledge of the icy condition of the overpass. Officer Isom notified his department but never notified the Transportation Department. The evidence does not show that the Respondent was negligent. Mr. Kostur testified that the State trucks were out in the area of Route 25. The duty of the Respondent is to use reasonable care in maintaining its roadways. In this case there is no evidence to show the contrary because there was no proof of actual knowledge of the icy condition. Therefore, the

authority relied on by Claimant is distinguishable and not controlling. The evidence in this case does not establish that the Respondent had any constructive knowledge of the icy condition.

The Claimant has failed to prove that the State was negligent in the maintenance of the overpass and that the injury was proximately caused by any negligence of the State. Thus recovery must be denied. *Illinois Ruan Transport Corp. v. State* (1973), 28 Ill. Ct. Cl. 323, 327.

The claim of Carol Wilson is hereby denied.