(Nos. 78-CC-1430, 78-CC-1876 cons.—

DIANE K. ENGLISH, BARBARA JOHNSON LEVENS, Administratrix of the Estate of Scott A. Johnson, Deceased, and WILLIAM A. RANDECKER, Claimants, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 3, 1982.*

NACK, RICHARDSON & KELLY (WILLIAM A. KELLY, of counsel), for Claimants Diane K. English and Estate of Scott A. Johnson, Deceased.

DANIEL P. ERNST, for Claimant William A. Randecker.

TYRONE C. FAHNER, Attorney General (FRANCIS M. DONOVAN, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

These consolidated cases arise out of an automobile accident that occurred on September 18, 1977, which resulted in the death of Scott A. Johnson, and injuries to Diane K. English and William Randecker.

In cause No. 78-CC-1430, Diane K. English seeks $100,000.00 in damages for personal injuries, and Barbara Johnson Levens, Administratrix of the Estate of Scott A. Johnson, seeks $100,000.00 in damages for the wrongful death of Scott A. Johnson.

In cause No. 78-CC-1876, William A. Randecker seeks $100,000.00 in damages for personal injuries.

On September 18, 1977, Claimant, Diane K. English, was driving her Chevrolet in a northwesterly direction along and upon U.S. Rt. 20, approaching a curve on the highway approximately two-tenths of a mile south of the junction of U.S. Rts. 20 & 84, northwest of Galena, Illinois. The State has stipulated that U.S. Rt. 20 at the

location of the accident was owned and maintained by the State on September 18, 1977. Passengers in the English vehicle were Kim Lawrence and Claimant, William Randecker. These three had just left a dance in Galena, where they were in attendance since 9:00 p.m. the previous evening.

As the English vehicle approached the curve on Rt. 20, Diane English noticed a southbound Ford Mustang approaching in its own lane of travel. As the cars were about 50 feet apart, the dimmer lights came on, the southbound Ford suddenly turned to the left and crossed the center line into the northbound lane of travel, and the two vehicles collided. The front end of the English vehicle collided directly with the passenger side of the Ford. As a result of the collision, Claimants English and Randecker were injured, as was the driver of the southbound vehicle Steven Glasgow. Scott A. Johnson, a passenger in the Glasgow car, was killed.

It was raining heavily at the time of the accident and Claimants contend that the accident was caused by the excessive amount of water that had accumulated on the highway during the rainstorm. Claimants contend that the accumulated water caused the Glasgow vehicle to hydroplane when it came in contact with the standing water on the highway. Hydroplaning is a phenomenon whereby an automobile literally rides on the water and is not in contact with the roadway surface. As a result, the automobile that is hydroplaning loses its "steerability". Claimants contend, therefore, that the accident was the result of a dangerous condition existing on the highway and that the State was negligent in designing, contracting and maintaining the highway and that it failed to warn of the dangerous condition, the gathering of water on the highway during rainstorms.

Trooper Gary Schap investigated the accident. He testified that about 15 minutes before the accident occurred he drove across the northbound lane of Route 20 in the area of the accident scene and his squad car hydroplaned as it came in contact with a standing pool of water which had accumulated on both lanes of travel at and around the accident scene. When he returned to the area after having been notified of the accident, he observed that the standing water was still present on both lanes of travel. There was a heavy rainstorm on September 17 and 18. He further testified that the area where the accident occurred was dangerous when water accumulated. Based on his training and experience in accident investigation, it was his opinion that the southbound Glasgow vehicle *must have* hydroplaned as it came in contact with the standing ponds that were present on the highway.

James Shaffer, a professional photographer, examined the scene following the accident. He testified that at about 2:00 a.m., some 45 minutes after the accident, there was a heavy rain and the roadway was wet, but that the only water accumulation he observed was located at the point where the vehicle came to rest after the collision, being the northbound lane of traffic. His testimony indicated that there were no water pools present in the southbound lane of traffic, being the lane from which the Glasgow car originally lost control and crossed the center line into the path of the English car.

From the testimony of trooper Schap and photographer Shaffer, the evidence concerning the question of whether or not there was accumulated water in the southbound lane of traffic at the point where the Glasgow vehicle lost control is conflicting. Even assuming, however, that there was water present in the area that would

be consistent with the theory that the Glasgow vehicle hydroplaned, there is no proof that the Glasgow vehicle did, in fact, hydroplane. William Alroth, a consulting traffic engineer, also speculated that hydroplaning occurred because of the conditions that existed. While these opinions appear reasonable, they nevertheless remain speculative and unsupported by sufficient proof.

Claimants English and William A. Randecker, the occurrence witnesses who testified, were unable to state that the Glasgow automobile struck a pool of water when it went out of control.

The only person who knew exactly why his car crossed the center line was Steven Glasgow, the operator, and he did not testify at the trial nor was his version of events made known.

Other evidence presented at the trial indicated that the Glasgow car was equipped with tires that were almost totally bald, and a bottle of whiskey was found in the car. This does not prove that the accident was caused by defective tires or drunk driving, but would only give rise to speculation.

Claimants contend, therefore, that the accident was the result of a dangerous condition existing on the highway and that the State is also negligent because it failed to warn of a dangerous condition, the gathering of water on the highway during rainstorms.

Claimants' burden in these cases is to prove by a preponderance of the evidence that the State breached its duty of reasonable care and that the negligence flowing from the breach proximately caused Claimants' injuries. *Estate of Brockman v. State* (1975), 31 Ill. Ct. Cl. 53.

The Court finds in light of the evidence which was presented Claimants have failed to prove that the Glasgow vehicle crossed the center line as the result of hydroplaning. There has been no showing, therefore, that the State's negligence, if any, was the *proximate cause* of the injuries complained of. Claimants' contention that the collision was caused by hydroplaning is speculation. The mere happening of an accident creates no presumption of liability against the State and that liability will not be imposed based upon speculation. *Hobbs v. State*, 388 N.Y.S. 2 729.

For the Claimants to recover, they must prove that the Glasgow car crossed the center line solely by reason of the accumulation of the water. They have not sustained that burden of proof.

While the Court regrets the death of Scott A. Johnson, and the injuries to Claimants Diane K. English and William A. Randecker, these claims must be and are, hereby denied.