(No. 78-CC-1331– )

ANNE RICHARDSON, Claimant, *v.* THE STATE OF ILLINOIS,
Respondent.

*Opinion filed May 23, 1983.*

GENDE & MESICH (JAMES J. MESICH, of counsel), for
Claimant.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER,
Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

This is a claim brought by Anne Richardson against
the State of Illinois for damages flowing from an auto-
mobile accident which occurred on September 6, 1977,
and which resulted in her personal injuries. The accident
occurred during the late evening hours on Illinois Rt. 17
when the vehicle in which Claimant was a passenger left
the highway after failing to negotiate a curve located
approximately one mile north of the city of New Boston.
After leaving the highway, the vehicle traveled onto a
rest area of roadside tables and overturned several times.
From the pleadings, it appears that Claimant's position is
that the vehicle was caused to overturn when it struck a
hole located several feet off the roadway. This hole,
according to Claimant, existed as a result of the State's
negligence. The trial of this matter was held on May 27,
1982. Each party has filed a brief, and the matter now
comes on for the Court's decision.

The evidence adduced at the hearing showed that

prior to the accident, Claimant, along with her brother, William Richardson, and JoJo Morrissey, had spent time at a tavern in Moline, Illinois. After leaving the tavern, the trio, with William Richardson driving, proceeded west on Rt. 17 in the direction of New Boston. The curve in question is located approximately one mile north of New Boston.

It was not demonstrated exactly why the Richardson vehicle failed to negotiate the curve, although the investigating officer testified that in his opinion, based on his personal observations of the scene, the vehicle was travelling at a high rate of speed. In addition, there was evidence of alcohol consumption by the occupants of the vehicle. Furthermore, it was conceded by Claimant's attorney that William Richardson was guilty of negligence. There has been no allegation that the highway itself was defective in any way. As indicated, it is Claimant's position that the State was negligent by allowing the existence of a hole several feet off the roadway. It is contended that the Richardson vehicle struck this hole after leaving the highway, causing the car to overturn and thereby causing Claimant's injuries.

As is true in all cases of this type, Claimant's burden is to prove by a preponderance of the evidence that the State breached its duty of reasonable care and that the negligence flowing from the breach proximately caused the Claimant's injuries. *Brockman v. State* (1975), 31 Ill. Ct. Cl. 53.

The parties devote considerable time to the question of whether or not a hole or depression existed off the roadway and if it did, whether it gave rise to negligence by the State. It is not necessary to discuss these issues however, for even assuming the hole's existence and thereby the State's negligence, it is clear that there has been no showing that the hole and the State's negligence,

if any, was the proximate cause of either the accident or Claimant's injuries.

It is clear that the alleged hole played no role in the vehicle leaving the highway in the first place.

The only occurrence witness who testified was Claimant and she remembered nothing of the accident. For reasons unknown, the other two occurrence witnesses, William Richardson and JoJo Morrissey did not testify. Unfortunately, therefore, there was no direct testimony tending to show any role the alleged hole may have played regarding the overturning of the car after it left the highway.

One of the Claimant's witnesses, New Boston fire chief, Clair Riley, testified that after he arrived on the accident scene, he observed tire tracks from the vehicle extending from the roadway into the rest area and across the area where the alleged hole was. The hole was apparently left from the prior removal of a tree stump. The investigating officer, deputy David Thompson, referred to the hole as "just a slight recession in the soil."

Fire chief Riley's testimony regarding the tracks, for all practical purposes, was the only evidence offered by Claimant tending to show that the alleged hole may have been the cause of the car overturning. That evidence cannot sustain Claimant's burden of proof. At best, it only gives rise to speculation.

In her brief, Claimant states that "obviously the overturning of the car caused the Claimant's injuries." That statement may be true, but it proves nothing. Claimant's theory that the alleged hole caused the car to overturn is purely speculation and not supported by sufficient proof.

In summary, the evidence only shows that Claimant's vehicle failed to negotiate a curve, it left the roadway,

overturned and Claimant was injured. There was evidence of alcohol use by the occupants of the car, and there was evidence that the car was travelling at a high rate of speed. There simply was no proof sufficient to sustain Claimant's burden that the alleged hole either caused the accident or Claimant's injuries.

This claim is hereby denied.