(No. 85-CC-0295–)

WANDA M. EVANS, Claimant, *v*. THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 2, 1988.*

DEUTSCH & DEUTSCH (SIDNEY S. DEUTSCH, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (SUZANNE SCHMITZ, Assistant Attorney General, of counsel), for Respondent.

Burke, J.

This cause coming to be heard upon the report of the Commissioner after an evidentiary hearing before said Commissioner, and this Court being fully advised in the premises,

Finds that Claimant, Wanda M. Evans, brings this action against the State of Illinois, to recover damages sustained as a result of an automobile accident which occurred shortly after midnight on February 3, 1983. Claimant was a passenger in an automobile driven by her then husband, Carl Evans. The auto was proceeding in a westerly direction on Knoxville Road, just east of Illinois 67. It was snowing heavily causing a slippery road surface. At the point where Knoxville Road crosses Mill Creek, the Evans vehicle skidded off the roadway and dropped approximately 20 feet to the creekbed below. Claimant alleged that the post and guardrail on the east end of the north side of the bridge were broken which allowed the auto to slip off the roadway.

Claimant bases her claim for damages on the contention that the guardrails were broken and thus allowed the auto to slide off the roadway and drop to the creekbed. To support her contention, Claimant cites *Zidek v. State* (1969), 27 Ill. Ct. Cl. 12, but no guardrails or protective devices were ever in place in the *Zidek* case. However, in the instant case, guardrails *were* in place.

In order to prevail, Claimant must prove by a preponderance of the evidence that the State was negligent and that this alleged negligence was the proximate cause of the Claimant's injuries. (*Brockman v. State* (1975), 31 Ill. Ct. Cl. 53.) Claimant must show that the existing guardrails, erected by the State of Illinois to maintain safe roadway conditions, were indeed in a state of disrepair at the time of the accident.

Evidence presented at the hearing established the following facts:

1. Milan police officer Green, who arrived on the scene within five minutes of the accident indicated there were no roadway defects.

2. The Illinois Department of Transportation departmental report indicates that Respondent had no knowledge of broken guardrails at the time of the accident and the guardrail was in good repair prior to the accident.

3. Claimant could not testify with certainty whether or not the guardrail was in good repair at the time of the accident.

4. Photographs and testimony of the driver of the auto lacked credibility. Driver identified photographs to be taken at two distinct periods of time. He claimed the photographs were taken after two accidents at the same location; one occurred in 1982 and the second on February 3, 1983. The photographs were clearly identical.

5. The affidavit of Raymond Harrison found in the IDOT report states that he believes the guardrails were not in good repair prior to the 1983 accident and this is disputed by the interview of Harry Favri, maintenance

field engineer with IDOT in which he states that he and his workers routinely checked that roadway for damaged guardrails and that no damage was noted between the Evans' 1982 and 1983 accidents.

Claimant has failed to prove by a preponderance of the evidence that the State either knew of the broken guardrail or should have known that said guardrail was in a state of disrepair and having had notice thereof, failed in its duty and obligations to make reasonable and necessary repairs. There has been no showing of the State's negligence; therefore, it is not necessary to consider the questions of damages Claimant may have sustained as a result of the accident.

It is therefore ordered that this claim is denied and Claimant's complaint is dismissed with prejudice.