(No. 77-CC-1593— )

FREDERICK W. WALTER, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 28, 1989.*

SAUL R. WEXLER, for Claimant.

NEIL F. HARTIGAN, Attorney General (KEVIN CAPLIS, Special Assistant Attorney General, of counsel), for Respondent.

1

DILLARD, J.

This claim arises out of an accident which occurred on August 20, 1975. The Claimant, Frederick Walter, was riding his bicycle southbound along Gary Road in Wheaton, Milton Township, Illinois. It is uncontested that the portion of the road in question is owned and maintained by the State of Illinois.

On that morning in August 1975, the Claimant was riding with several other bicyclists. The Claimant was an experienced bicyclist and indeed had competed at the national level in street racing.

The Claimant belonged to a club containing many of the other individuals who testified in this matter. They rode on an almost-daily basis on a 20- to 25-mile circuit which included consistently that stretch of Gary Road in question. The witnesses all testified that the Gary Road stretch of the circuit was the worst part of the circuit.

The evidence was also uncontroverted that the Claimant frequently checked his bicycle, as well as the tires on the bicycle. The accident occurred as the Claim-

ant was riding along Gary Road and experienced a blowout of his tire. The Claimant felt a jolt and heard a pop prior to being thrown from his bicycle. It is somewhat unclear from the testimony whether the pop or the jolting occurred first. What is clear is that the Claimant was thrown from the bicycle and became a quadriplegic.

The Claimant was riding in tandem in the second group of six riders. The riders would ride very close to each other and very close to the riders in front of them. While bicycling, the riders would not look at the road, but look at the bicyclists in front of them. The tire in question had been patched a short time before the accident by the Claimant. After the accident occurred, the Claimant filed a lawsuit against certain individuals regarding the tire in question. This claim in the circuit court of Cook County was later settled for approximately $45,000. During that lawsuit, it appears that the Claimant produced evidence which tended to prove that the tire was defective.

There was a conflict in testimony as to where the Claimant was found after the accident. At least one witness who lived in the neighborhood testified that he was found several feet from the site of the bump alleged to be the cause of this accident.

The bump in question at its highest point rises five to six inches from the rest of the pavement. It is one to two inches in height in other areas of the street. Crack lines bordering the bump vary in width from one inch to six inches and are approximately two inches deep.

The Claimant has alleged that the State of Illinois was negligent in failing to repair the split and buckled highway, failing to inspect Gary Avenue, negligently

repairing the roadway, failing to post warnings of the hazardous condition of the roadway, and failing to properly maintain the roadway in a safe condition for motorists and bicyclists.

An independent testing laboratory produced by the Claimant in the circuit court lawsuit concluded that the type of tire the Claimant had was used by fewer than 1% of the bicyclists. It was a "sew-up" tire. The expert also testified that if the casing was bad, he would not recommend patching or riding on a sew-up tire. Clearly, the Claimant had patched this tire shortly before the accident. The independent testing laboratory expert also testified that the tire was defective.

While it is clearly established that there may be more than one proximate cause for a tort, it must still be proven that the alleged defect in the highway was a proximate cause of this accident. Clearly, the State did own and maintain the highway in question and had a duty to maintain it in a reasonably safe manner for motorists. That duty also applies to bicyclists and the riders of motorcycles. However, having examined the exhibits, which include pictures of the bump in question, and having examined the testimony of all witnesses who testified in this case, we believe that the highway in question was simply not defective or negligently maintained. It was a bump in an otherwise smooth stretch of highway. The State, as we have often held, is not an insurer of highways. (*McAbee v. State*, 24 Ill. Ct. Cl. 374.) The State's duty to the public is to use reasonable, ordinary care to maintain its roads. *Wilson v. State*, 35 Ill. Ct. Cl. 10; *Hollis v. State*, 35 Ill. Ct. Cl. 86.

There is simply insufficient evidence that the bump in question was a cause of the accident. An award cannot be based on mere conjecture, but it must be proven

more probably true than not true that the bump in question was in fact at least a *probable* cause of the accident. *Transamerica Freight Lines, Inc. v. State*, 18 Ill. Ct. Cl. 93; *Weese v. State*, 21 Ill. Ct. Cl. 210.

In addition, it is clear from the evidence at hand that the State did not have a duty to warn in this case. The State does have a duty to warn if a condition is so unreasonably dangerous that a duty to warn the public or prevent the public in some manner from using that part of the roadway is necessary. Here, it is quite clear that this situation did not exist. See *Simpson v. State*, 37 Ill. Ct. Cl. 76.

For the reasons previously stated, we hereby deny this claim.