(No. 87-CC-3500—)

MARIE G. HONORE, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 24, 1992.*

GREGORY R. SUN, for Claimant.

ROLAND W. BURRIS, Attorney General (JANICE L. SCHAFFRICK, Assistant Attorney General, of counsel), for Respondent.

OPINION

JANN, J.

This cause of action is brought before the Court by Claimant, Marie G. Honore, for personal injuries allegedly suffered when she was injured while riding in a "Minuteman" emergency vehicle (tow truck) owned by the Respondent and operated by an employee of the Department of Transportation (hereinafter Department). Claimant testified on her own behalf at a hearing held on her verified complaint for personal injuries.

The Claimant testified that she was traveling as a passenger in a taxicab eastbound on Interstate 90, also known as the Kennedy Expressway, on the evening of April 29, 1986. The taxicab lost power and came to a halt on the expressway. A State Police car and a State of Illinois tow truck arrived on the scene. The driver of the tow truck offered to transport Claimant to a location where she could obtain transportation. Claimant got into the truck and the driver continued eastward. The truck exited the expressway at Washington Street, within the City of Chicago, and proceeded east on Washington to Clinton Street. Claimant was seated in the passenger seat of the truck.

Claimant stated that while traveling on Washington Street, the driver swerved the truck to the right and the front wheels went up on the curb. Claimant fell out of

her seat and landed between the passenger seat and the driver's seat. Immediately prior to the truck swerving, the driver was handing Claimant a business card. She was reaching for the card when the truck swerved. She stated that the curb was eight inches in height. Claimant's Exhibits Nos. 1-A, B, C and D were photographs of the site where the tow truck allegedly struck the curb and were admitted into the record. Claimant was unable to testify to the speed of the truck when it hit the curb.

When she fell, she felt pain in her back, arm and knee. The next day she went to the emergency room of a hospital where X rays were taken and she was given pain medication. She testified she was bruised on her back from her shoulder to her leg. She received physical therapy. She still has pain in her back and has advanced arthritis of the spine. Claimant's Exhibits Nos. 2, 3 and 4 were medical bills and were admitted into the record. None of the bills admitted contained reports by the care providers as to the extent of Claimant's injuries or how the injuries arose.

The State presented the driver of the truck, David Barry, as a witness. He testified that on the evening of April 29, 1986, he picked up a woman after her taxicab had stalled on the Kennedy Expressway. He could not identify Claimant as the woman he assisted. He transported the woman to the Northwestern train station. In so doing, he drove east on Washington Street and turned at Clinton Street. He intended to give her his business card but inadvertently gave her the card of Erasmo Berrios. Barry and Berrios utilize the same vehicle in the course of their duties.

Barry stated that Claimant did not complain about the way he was driving, did not lose her balance in the

seat and did not fall out of her seat. He further stated that he did not recall running over a curb on the evening in question. Respondent's Exhibits Nos. 1, 2 and 3 were admitted into the record. These exhibits included a traffic patrol assist report and a communications center log report documenting Barry's response to the call for assistance to Claimant's taxi.

Claimant had filed an action against Erasmo Berrios in the circuit court of Cook County. The injuries complained of in the claim before this Court were the subject matter of that suit before the circuit court. That suit was dismissed in 1989 when Claimant was unable to testify that Berrios was the driver in question. Claimant, on rebuttal at the hearing on the instant claim, did identify Barry as the driver of the tow truck. This was the first time that the driver was identified to Claimant. She previously had no information available that Barry was the driver in question. Although counsel for Claimant initially complained that the State had not previously identified the driver, no objection to Barry's testimony was made at hearing.

Claimant has the burden of proving by a preponderance of the evidence that Respondent's employee was negligent and that such negligence was the proximate cause of Claimant's injuries. (*Evans v. State* (1988), 40 Ill. Ct. Cl. 140.) Claimant failed to establish that Barry operated the tow truck in a negligent manner. She filed no complaint or police report at the time of the alleged incident and did not seek medical attention until the following day despite testifying she was in great pain immediately following her fall.

Claimant testified to her knowledge of the alleged injuries and provided bills for medical treatment. However, as previously noted, no diagnosis or medical report

of the cause of the injury and the course of treatment was provided. Claimant's response to interrogatories indicated she had previously injured her shoulder and back and suffered from arthritis.

As Claimant failed to establish that she was injured in the manner claimed and failed to establish that the injuries were proximately caused by any negligence on the part of Respondent's employee, we must deny this claim. This cause is hereby dismissed with prejudice.