321

(No. 91-CC-0390– <span></span>

MALCOLM WHITEHEAD, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 17, 1992.*

MALCOLM WHITEHEAD, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (DIANN MARSALEK and STEVEN SCHMALL, Assistant Attorneys General, of counsel), for Respondent.

OPINION

JANN, J.

The substance of Claimant's complaint is that during his incarceration at Logan Correctional Center, his feet were in a constant and continuous painful condition as a result of:

a) improperly sized boots issued to him (Claimant wears a size 12-E and prison boots are issued only in standard sizes—with no special width determination);

b) the boots that were issued to him were defective; and

c) the medical care he sought for his painful feet

was inadequate.

The testimony is clear that throughout Claimant's incarceration, he continuously complained of painful feet and, as a result of those complaints, he was seen by two different staff doctors on at least six occasions. At each of those visits to the staff physicians (Dr. Feinerman and Dr. Ulrich), his feet were examined. On more than one occasion, Dr. Ulrich removed callouses from Claimant's feet. Eventually Claimant was issued a slow walker's pass—so that he would not be punished for being late to various details—and ultimately the medical staff assisted Claimant in obtaining a specially-ordered, low-cut second pair of prison shoes.

Claimant contends that since his feet were not properly attended to, he has been unable, since his release from Logan, to obtain a job in his chosen field (house painter) and claims lost wages in an amount of at least $10,000. Further, Claimant seeks an additional $5,000 for aggravation.

The Respondent contends that while Claimant was an inmate at Logan Correctional Center, he was properly and continuously attended to. Indeed, the records indicate that in the six-month period from December 1989 to July 1990, he visited the clinic 34 times. They point out that Claimant was in poor physical health, having suffered a stroke in 1987, which left his whole left side weak. He also suffered from acute hypertension, diabetes and obesity (weighing in the neighborhood of 350 lbs.). The State contends, on balance, that the cumulative effect of Claimant's overall ill health was basically the reason that his feet hurt. Respondent's contention is supported by medical records from Claimant's hospitalization in 1987 which indicated that Claimant showed "extensive callous

formation at the feet bilaterally" and "patient has decreased heel-to-shin on the right because of difficulty moving the weight."

The Claimant contends that the shoes first issued to him at Logan were defective. He testified that the alleged defect in a plastic toe cap of the shoe caused his condition which will now require a surgical procedure. Claimant's allegation of defect is not supported by objective testimony or medical records made a part of the record at hearing.

Claimant testified that upon his release he sought further treatment at a private foot specialist, Dr. Hugh D. Russell, Chatham Foot Specialists. Claimant testified that it was Dr. Russell's opinion that the ill-fitting shoes caused injury to his feet. However, the records subpoenaed and introduced into evidence from Dr. Russell make no indication of the cause of his condition resulting from shoes. The records again make note of Claimant's obesity, hypertension and the presence of bunions and callouses.

No proof of improper medical care was presented other than Claimant's conclusory testimony. Claimant must establish a breach of duty through expert testimony to establish that Respondent deviated from the required standard of care. *Davis v. State*, 39 Ill. Ct. Cl. 185.

There is simply insufficient evidence that the shoes issued to Claimant are the cause of his current condition. An award cannot be based on mere conjecture, but it must be proven more probably true than not true that the State's negligence was in fact at least a probable cause of the Claimant's injury. *Walter v. State*, 42 Ill. Ct. Cl. 1.

The record indicates that Claimant received contin-

uous care during his incarceration. Claimant has failed to prove that Respondent breached its duty of care to Claimant.

Wherefore, this claim is hereby denied.