(No. 4694—

Anna L. Bloom and Charles M. Bloom, individually, and for the use of the Hawkeye Security Insurance Company, Claimants, vs. State of Illinois, Respondent.

*Opinion filed June 21, 1957.*

Robert W. Whitmer, Attorney for Claimants.

Latham Castle, Attorney General; C. Arthur Nebel, Assistant Attorney General, for Respondent.

Fearer, J.

Claims have been filed by Anna L. Bloom for personal injuries, loss of wages in the sum of $134.40, and medical bills amounting to $19.50; by Charles M. Bloom, individually, for loss of use of truck in the amount of $35.00, and repair of the truck in the sum of $334.08, the amount not paid by the insurance company, being the deductible part of the policy; and, by Charles M. Bloom for the use of the Hawkeye Security Insurance Company. The details are set forth in a Bill of Particulars filed in this cause, all as the result of an accident, which occurred on October 25, 1953, on Illinois Route No. 33, about two miles east of Oblong, Illinois, in Crawford County.

At about 5:30 A.M. on October 25, 1953, Anna L. Bloom was driving and operating a 1948 Ford Pickup truck owned by her husband, Charles M. Bloom, and was on her way to employment in Robinson, Illinois. At said time it was daylight, and visibility was good. She was traveling easterly at a speed of about 40 to 45 miles an hour, and approached an automobile in the eastbound traffic lane, which was traveling at a much slower speed. She pulled out to pass the vehicle immediately in front of her, and; before completing the passing, her truck went out of control and ended up in a field on the south side of the road.

The evidence showed that Mrs. Bloom traveled this road daily from her home in Oblong, Illinois to Robinson, Illinois; that the pavement was damp from dew; that she had just rounded a curve before attempting to make the passing; and that, between 700 and 800 feet east of where she attempted to make the passing there was a detour around a bridge, which was being built, the old bridge having been torn out.

The evidence showed that the detour consisted of an earth fill with a wearing surface of gravel. It was completed on October 20, 1953, and was open to traffic on October 21, 1953. The maintenance men for the State Highway Department had sprinkled calcium chloride on the gravel, which helped to absorb the moisture out of the air, and tended to bind the gravel and other material for the improvement of the road surface for the detour.

There is evidence that this detour was well marked and well known to Mrs. Bloom. There is evidence, particularly of the Highway Engineer, that sometimes the moisture from the surface of the detour where calcium chloride had been used would track out onto the pave-

ment, but it was never known to appear more than a short distance from the detour from which it was tracked out onto the pavement by vehicles; and that, where Mrs. Bloom's truck went out of control, there was no evidence of calcium chloride, or other materials, from the detour.

The evidence is silent as to how many feet the truck skidded or rolled on its side into the field on the south side of the road. From all indications, it was for a considerable distance.

It is very evident that Mrs. Bloom had just rounded a curve into the area where the detour signs were placed, and where the traffic would travel over the detour out onto the pavement. There is no indication of any substance in the eastbound traffic lane.

There is no question but what there was dew upon the highway in both traffic lanes, and there was some evidence that dirt and sand had been tracked from the detour into the westbound traffic lane.

From the physical facts, and in considering the area where the accident happened, and claimant's (Mrs. Bloom) knowledge of the construction work, which had taken place, and was taking place in the immediate vicinity, it appears that she was driving the truck at a speed which was more than reasonable and proper in view of the facts and circumstances and use of the way, and was attempting to make a passing in an area, which had been under construction, and in the immediate vicinity where there was a detour, which would indicate she was not using due care and caution for her own safety and the safety of others.

It has been well established, and this Court, as well as other courts, have held many times that the state is not an insurer of those traveling upon the highway; and

that, where people are aware of a condition, such as in this case, they should use care and caution, and drive with that degree of care and caution, which an ordinarily prudent person would use under the same or similar circumstances.

There is some evidence in the record that sand had been spread within the immediate vicinity of the detour in the westbound traffic lane a short time after the accident. However, it does not appear that sand was spread back 600 to 800 feet to the west where claimant's truck went out of control. Even so, there is sufficient evidence of the operation of the truck at an excessive speed in an attempt to make a passing in the vicinity of the detour.

The burden is upon claimants to prove their claims by a preponderance or greater weight of the evidence: First, freedom from contributory negligence, in that they did nothing to contribute to the accident resulting in damage; Second, the negligence of respondent, or respondent's agents, which was the proximate cause of the accident; and, Third, damages.

From the evidence in this case, we find claimants have not sustained the burden of proof as to the sole proximate cause. We believe that it was the speed of the truck, coupled with the dampness, which settles on pavements early in the morning, and not the maintenance of the detour, which was the proximate cause of the accident.

If Mrs. Bloom had not been familiar with all of the surrounding circumstances of the repair work and detour, and had not been over this road before, and, if the traveling public had not been warned of the construction work and the detour by adequate markings, a different question would have been presented.

It is, therefore, the opinion of this Court that the claims of Anna L. Bloom and Charles M. Bloom, individually, and for the use of the Hawkeye Security Insurance Company, should be denied.