(No. 5076-  )

CLARENCE M. LEE, as Administrator of the Estate of MAGGIE M. LEE, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 10, 1964.*

R. W. HARRIS, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

PERLIN, C. J.

Claimant seeks recovery of $25,000.00 for the death of his wife, Maggie M. Lee, on May 23, 1962, while she was driving on Illinois State Bond Issue Road No. 34 in Saline County, Illinois.

The evidence shows that claimant's intestate was driving a 1955 Plymouth automobile in a northerly direction along the highway when the front wheel of the motor vehicle dropped off the paved portion of the highway onto the lower east shoulder. She drove back onto the pavement, and the car went out of control, crossed the pavement into the southbound traffic lane, came back into the northbound traffic lane, and then onto the east shoulder of the roadway into a ditch on the east side. The car spun around, overturned on its left side, then uprighted, and headed in a southerly direction where it came to a rest.

Claimant contends that respondent failed to maintain the roadway in a reasonably safe condition; that the shoulder was not even with the surface of the roadway on the east side of the highway; and that, as a proximate cause of such negligence, the accident resulting in the death of claimant's intestate occurred.

Ida Eubanks, the sister of Maggie Lee, testified that she and Mrs. Lee were traveling from Rosiclare, Illinois to Harrisburg. Mrs. Lee was driving, and Mrs. Eubanks was riding in the front seat. The weather was clear, the sun was shining, and the pavement was dry. According to Mrs. Eubanks, Maggie Lee was driving her car about 45 or 50 miles per hour, and that, when she drove too close to the edge of the pavement, the car dropped off onto the shoulder. The witness had not looked at the speedometer, but estimated the speed at which the car was being driven.

She testified that her sister had both hands on the steering wheel; that, when the car dropped off the edge of the pavement, she turned back sharply; and, when the car started back, it returned to the pavement, whirled to the left, went back to the right, and then clear across the pavement on the other side. According to Mrs. Eubanks, Mrs. Lee's brakes were on when she turned back to the right. Mrs. Eubanks estimated that the shoulder of the road was about five or six inches lower than the surface of the road. She stated that there were no cars approaching them from the other direction, and there were no cars behind them.

Guthrie Alexander, an Illinois State Trooper, testified that he investigated the scene of the accident. The shoulder of the road seemed to be two to three and one-half inches lower than the road. The tracks first ran off the road on the right, veered across and off the highway on the left, back across the highway, and off into the field where the car was resting. He arrived at the accident scene about ten minutes after it occurred.

Cassidan McDaniel arrived at the scene of the accident about an hour after it occurred, and described the level of the highway as about three or four inches higher than the shoulder.

Joan Mason, who drove to the scene of the accident after it occurred, stated that the difference in the level of the roadway and the shoulder was two to three inches.

Ethlene Vaughn, who arrived at the scene of the accident at about the time it occurred, testified that she did not notice the difference in the road level at the time. However, she had seen it since that time, and observed that the difference in level was about three or four inches.

Louie Furlong testified that he was employed in the maintenance of the highway, which included the areas of

Routes Nos. 34, 146 and 145. He was engaged in a mowing operation on the right-of-way of Route No. 34 south of Harrisburg when the accident occurred. He was standing on a hill flagging autos over it, and observed the car driven by Maggie Hill come around the turn, leave the pavement, and hit the shoulder. She was traveling towards him, and he observed her going off the right-hand side. After she went off the right-hand side, she "cut her car right back across the road, hit the other shoulder, cut to the right, and went off to where she ended up." The car was about an eighth of a mile away when he saw it go off the road. About ten days before the accident, he had graded along the shoulder. In so doing, the gravel had been pushed up to the pavement, mashed, and then rolled down. The shoulder was a little lower than the pavement—about three inches. The road was graded about once every month, because it was on a turn, and the large trucks would throw the gravel away from the road. Mrs. Lee went off the pavement right after coming around the curve. She apparently failed to straighten out. The shoulder is graded with small gravel, backed, and leveled with the tractor wheels. Mr. Furlong estimated the car was traveling about 65 miles per hour.

Otis Palmer testified that he was a maintenance man with the State of Illinois Division of Highways. He was mowing grass at the time of the accident. He was going north at the time, and a sign indicating "mowing ahead" was about ¾ of a mile behind him. He further testified that he had graded the shoulder where the accident occurred about two or three weeks prior to the accident, and had used a tractor and grader, which pulled the dirt or gravel up to the pavement, which was blacktop over concrete.

In order to recover, the following elements must be proven: (1) that claimant's intestate was free from contributory negligence; (2) that respondent was negligent; and, (3) that such negligence was the proximate cause of

the damage alleged in the complaint. It is claimant's contention that the accident was caused by the condition of the road, in that the shoulder was several inches lower than the road, and the edge of the pavement was ragged from the blacktop.

From the testimony of the two eye witnesses in this case, it appears that Maggie Lee was contributorily negligent, and that her own actions proximately caused the accident resulting in her death. At the time she hit the shoulder, she was apparently still in control of her car. Then she turned sharply to the left. She then put on her brakes, as she came back to the right. It would seem that she did not exercise reasonable care in this situation, which would require that she attempt to enter the road gradually, and not sharply as was done.

Claimant contends that it was the jagged edge of the road, which caused Maggie Lee to leave the pavement. From the photographs submitted by claimant, and from the testimony of the witnesses, it would appear that there is no difference between the edge of the road at that point and the edge of any other blacktop road. No reason was given for Maggie Lee's vehicle dropping off the pavement. The weather was clear, the road was dry, and the sun was shining. There were no other vehicles on the road in the immediate vicinity.

Sec. 54 of the Uniform Act Regulating Traffic on Highways (Ill. Rev. Stats., Chap. 95½, Sec. 151) provides that "upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway." Exceptions to this rule do not apply in the instant case. Sec. 12 of that Act (Ill. Rev. Stats., Chap. 95½, Sec. 109) defines "roadway" as "that portion of a highway improved, designed, or ordinarily used for vehicular traffic, *exclusive of the berm or shoulder.*" (Emphasis supplied.)

In the case of *Sommer vs. State of Illinois*, 21 C.C.R. 259, this Court stated:

"We do not feel respondent has a duty to maintain the shoulders of its highways in a manner that would insure the safety of vehicles turning off onto the shoulder, for whatever their purpose might be, and then attempting to return to the roadway, while traveling at the same speed."

While the State must use reasonable care in maintaining the shoulder of a highway, there is no basis to hold that a difference of three or four inches in the levels of the road and shoulder constitutes a dangerous condition *per se*.

In the opinion of this Court, claimant has failed to sustain his burden of proof that Maggie Lee was free from contributory negligence.

The claim is hereby denied.