(No. 4957- )

JOHN EDWARD SCHUCK AND THE MARYLAND CASUALTY COMPANY, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 25, 1965.*

NICK D. VASILEFF and V. ROBERT MATOESIAN, Attorneys for Claimants.

WILLIAM G. CLARK, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

PERLIN, C.J.

Claimants seek recovery of $677.96 for monies expended to repair a 1959 Chevrolet automobile, which was owned by claimant John Edward Schuck, and insured by claimant The Maryland Casualty Company.

This claim arises out of an accident, which occurred when Leo Edward Schuck, the son of claimant, was oper-

ating the vehicle on July 13, 1960 at about 4:50 P.M. along a frontage road, which ran parallel to Interstate Route No. 70, near the City of Collinsville, and collided with a tree.

Route No. 70 and the frontage road were being constructed under the supervision and by authorization of the State of Illinois, Division of Highways. Claimants contend that the State of Illinois failed to maintain the frontage road in a reasonably safe condition, and failed to warn the driver of a sudden drop-off, decline, and sharp curve in the road, which were not apparent until reached by the motorist.

In order to recover, claimant must prove by a preponderance of the evidence (1) that Leo Schuck was free from contributory negligence; (2) that respondent was negligent; and (3) that such negligence was the proximate cause of the accident.

The evidence shows that the accident happened in the daylight. The weather was clear, and the road was dry.

The Departmental Report, which was submitted by the Division of Highways, describes the Frontage Road as follows:

"The design, intent and purpose of a frontage road is to afford ingress and egress to owners whose properties lie adjacent thereto. A frontage road differs from an access highway in that the former does not connect with the adjoining primary highway route; in this instance with Federal Aid Interstate Route No. 7, Section 60-8, Madison County, Illinois.

The frontage road has its beginning at Keebler Road, and extends southwesterly a distance of approximately 4,925 feet, where it terminates at the entrance to the L. E. Morris property. The centerline of the frontage road lies 100 feet northwesterly from Route No. 7, and has the following construction characteristics: It is 20 feet wide with a 5 foot earth shoulder on each side, and has a bituminous treated surface on a base course of crushed stones 6 inches in thickness."

Leo Edward Schuck testified that immediately before the accident he was on North Keebler road on his way back to his office. "At the point where North Keebler goes under Interstate Route No. 70 there is an access road, which I

wanted to use to save me some time in getting back to the office."

He testified that he was traveling west on the access road to reach Interstate Route No. 70. He had followed this route before. He found that the connecting lanes, which he had previously used were blocked by posts, and, thinking that there would be some outlet to the highway, he kept on, and

"before I realized I was looking—I was at the top of a hill. You might say I was going level all the time. I didn't actually go up a hill, but I was at the top of a drop-off, you might call it, and all I could see was down, and the road dipped pretty quick, and curved to the right at about a forty degree angle, and, of course, the first thing I did I applied the brakes. It did no good because the chat was loose, and there was a tree straight ahead, which, of course, I tried to avoid, and I guess if it hadn't been for the slippery grass right there, then I probably wouldn't have slid into the tree head on. However, I did sideswipe it, and I might mention the weather was good, and the light was sufficient, and the sun wasn't bothering me or anything, and it was a good road, and I mean, it was not bumpy or anything or not slippery, nothing of that nature; also the road was in no way or in no manner posted as to speed limits or restricting of the thoroughfare in any manner at all. I mean there was nothing, no signs of any nature placed alongside the road."

Mr. Schuck stated that he had driven on the road in question once the week before the accident, but had never driven down the road to the point "where it drops down."

The road onto which he turned was not marked as an access road, nor were there any signs of identification. Schuck stated that he turned off Keebler onto the frontage road in order to avoid the rough road, which lies between the underpass of Interstate Route No. 70 and City Route No. 40. He expected to get onto Interstate Route No. 70, although there were no signs indicating that he would do so by going in that direction.

Keebler Road was a two lane road of oil and chat, and is a country road. The point at which Schuck turned off onto the frontage road was not marked as a State route. The road

in question was of tar and chat, and the chat was still loose. He drove about a mile and a half before the accident occurred. The "road," which he had used to get from the frontage road to Route No. 70, was a dirt path, which had been used by a construction company. He then drove across the shoulder of Route No. 70 to get onto the highway. Schuck estimated his speed at 35 miles per hour at the time of the accident, but he was not watching the speedometer. He did not use his brakes until he noticed that the road curved. He missed the curve, then collided with the tree, and thereby damaged the automobile.

There were no other witnesses to the accident.

Sergeant Allen E. Smith of the Illinois State Highway Police investigated the accident. He stated that no signs designated the frontage road, and that the road was in no way connected with Interstate Route No. 70. He left his car on Route No. 70, and walked a short distance to reach the accident scene. Sergeant Smith patrolled the area as part of his duties, but had never traveled on the frontage road, nor did he recall at any time seeing cars travel onto Route No. 70 from the frontage road.

Carl Schlosser, a construction engineer with the Illinois Division of Highways, testified that Interstate Route No. 70 was a limited access road, and that the frontage road is a service road intended for the use of the property owners on that side of the Interstate. The frontage road is 20 feet wide, and is not marked with a center line. It ends at the L. E. Morris property. He further testified that contractors did use a connection between the frontage road and Interstate Route No. 70 prior to the time Interstate Route No. 70 was open for traffic, but, when the highway was opened, the contractors were restricted to the same traffic pattern as the motoring public.

It is the opinion of the Court that claimant has not

proven freedom from contributory negligence. It is the duty of a driver to keep his vehicle under control, and failure to do so amounts to negligence.

He has shown no hazardous or dangerous condition of which the State had either actual or constructive notice. There have apparently been no accidents or complaints in regard to this portion of the highway, nor is it apparent that failure to post signs on a roadway used by so few motorists was a breach of respondent's duty to keep its highways reasonably safe for ordinary travel by persons using due care and caution for their own safety. The State is not an insurer against all accidents which occur on its highways. (*Beenes* vs. *State of Illinois,* 21 C.C.R. 83). (*Hook* vs. *State of Illinois,* 22 C.C.R. 629, *Gray* vs. *State of Illinois,* 21 C.C.R. 521, *Link* vs. *State of Illinois,* 24 C.C.R. 69, *Vesci* vs. *State of Illinois,* 24 C.C.R. 23).

Leo Schuck was not unaware of the gravel surface of the road, since he had traveled about one and a half miles on the same before reaching the curve. His own testimony indicated that he was not looking at the road, but was looking for a way to cross from the frontage road to Interstate Route No. 70 instead of anticipating a possible change in the curvature of the road.

For the foregoing reasons, claimants are hereby denied recovery.