(No. 5796 )

ALPHIE SCHMIED AND COUNTRY MUTUAL INSURANCE CO., Claimants, v. STATE OF ILLINOIS, Respondent.

33

*Opinion filed August 25, 1977.*

ANTHONY J. MANUELE, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; DOUGLAS G. OLSON, Assistant Attorney General, for Respondent.

POLOS, C.J.

This action arises out of an accident that occurred on March 26, 1969 on Interstate 55, about three miles north of Springfield, Illinois. A tractor-trailer owned by Alphie E. Schmied, and driven by one Amos Deininger, was southbound on Interstate 55, when it skidded on the Sangamon River Bridge and collided with the concrete railings located on the sides of the bridge.

Claimants contend that the resultant damage to the tractor-trailer was caused by the negligence of the State, in failing to keep the bridge clear of ice and snow, and to warn the public of its slippery condition. Alphie E. Schmied seeks damages in the amount of $2,500.00 for the loss of use of the tractor-trailer while it was being repaired, and the additional sum of $500.00 which is the deductible provision of the policy of insurance on the tractor-trailer carried with the Country Mutual Insurance Company.

In a separate count of the complaint, Country Mutual Insurance Company, as subrogee of Alphie E. Schmied, seeks damages in the amount or 4,200.00, being the amount it paid out under its policy for damages to the tractor-trailer.

The evidence shows that on March 26, 1969, at approximately 6:30 a.m., Amos Deininger was driving a 1962 International Tractor and pulling a 1959 Fruehauf trailer, owned by the Claimant, Alphie Schmied,

in a southerly direction on Interstate 55 and was approaching the Sangamon River Bridge.

In his testimony, Amos Deininger stated that he had been driving since 4:00 a.m. that morning. There had been freezing rain, and the road was slippery as he approached the bridge. At the time of the accident it was misting. He indicated that the roads that morning were "kind of slippery," and that he had driven over icy spots before reaching the bridge. At the time of the accident the truck was traveling at approximately 40 m.p.h. He testified that he was familiar with the Sangamon River Bridge and had traveled it many times. He could not remember whether there were any signs indicating the upcoming bridge or a warning of icy conditions. At the time of the accident the trailer he was hauling was empty. Deininger stated that a tractor-trailer truck with an empty trailer "will slide a lot easier on—and quicker on ice than a loaded one will."

As the tractor-trailer entered upon the bridge it slid and collided with the concrete railing located on both sides of the bridge. The trailer was destroyed and the tractor was badly damaged.

Deininger said that when he exited from his damaged truck, he found no indication that salt or cinders had been spread on the bridge floor.

William Pickett and Arthur Peratt, who were employed by the State as road maintenance personnel on the date of the accident, testified that they had applied a mixture of salt and cinders to the Sangamon River Bridge three times on the morning of the accident between 12:30 a.m. and the time of the accident.

In order for a Claimant in a tort action to recover

against the State he must prove that the State was negligent, that such negligence was the proximate cause of his injury and that the Claimant was in the exercise of due care and caution for his own safety. *McNary v. State, 22 Ill.Ct.Cl. 328; Bloom v. State, 22 Ill.Ct.Cl. 582.* It is also well settled that the State is not an insurer against accidents occurring on its streets and highways, but is charged only with using reasonable diligence in keeping roads under its control in reasonable safe condition.

The Claimants have waived the filing of briefs and have advised the Court that they are relying upon *Bovy v. State, 22 Ill.Ct.Cl. 95.* We find that case to be clearly distinguishable. In *Bovy,* the State had actual notice that a bridge under its jurisdiction and control had been improperly constructed, and was subject to swaying and slipperiness in damp and icy weather. The State knew that the bridge would ice over when the pavement and other bridges in the area were merely damp, yet took no special precautions to clear ice from the bridge.

Here there was no proof that the Sangamon River Bridge had a tendency to ice over faster than other surrounding bridges, or the surrounding pavement, or that the State had actual notice of any unusual condition on the bridge. Moreover, the record is clear that the bridge was treated with salt and cinders on three occasions within six hours of the time of the accident. We think this demonstrates that the State did use reasonable diligence in maintaining the bridge; and we find that the Claimants have failed to establish negligence by the State.

This claim is accordingly denied.