(No. 5360 - ▮▮▮▮▮▮)

MILDRED L. LAINE, ET AL, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 29, 1977.*

SMITH & MUNSON, by LESTER MUNSON and ROBERT EMMETT BYRNE, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; MORTON ZASLOVSKY, MARTIN SOLL and SAUL WEXLER, Assistant Attorneys General, for Respondent.

POLOS, C.J.

This action arises out of an automobile accident that occurred on February 18, 1966, at about 3:30 p.m. on Illinois Route 132 near Gurnee, Illinois. Mildred Laine was driving east on Illinois Route 132 with her

two sons, Brian and Randolph sitting next to her in the front seat of the car, when the tires on the right side of her car left the highway. When she attempted to reenter the road she lost control of her car, swerved into the oncoming lane of traffic, and collided with a westbound car. Mrs. Laine was seriously injured and her two sons were killed.

Claimants contend that the State was negligent in maintaining the shoulder of the road so that a dangerous and unsafe condition existed where her car left the highway, and that this negligence was the proximate cause of injuries to Mrs. Laine and the deaths of her two children.

Respondent denies that it was negligent in maintaining the roadway, and argues that the negligence of Mildred Laine was the proximate cause of the accident.

Called as a witness on her own behalf, Mildred Laine testified that on the day of the accident she was traveling to Waukegan from her home in Round Lake Heights, Illinois. As she proceeded east on Route 132 traffic was light and she was driving at approximately 30 miles per hour. She said it was raining lightly, when she hit a bump or hole in the road, and her car went off the road onto the shoulder. She stated that the two right wheels of her car sank into the soft shoulder, and that as she attempted to get back on the road, the back end of the car slid sideways. She said that she tried to bring the car back into her own lane and she struck head-on a car proceeding in the westbound lane.

As a result of the accident, Mrs. Laine suffered a cerebral concussion, a nasal fracture, multiple lacerations of the face, fractures of the left fifth metacarpal, a complete fracture of the right humerus with severe overriding which required three bone graft operations,

a severe nine inch laceration of left thigh, and fractures of the left leg and sixth rib. Mrs. Laine testified that as a result of these injuries she has limited use of her right arm and a shortened left leg, and that her normal activities were substantially encumbered.

Brian Laine was dead on arrival at St. Therese Hospital in Waukegan, and Randolph Laine expired at the hospital shortly thereafter.

Orin Anderson, the Chief of Police of Gurnee, Illinois, was called as a witness for Claimant. He testified that he was at the scene of the accident immediately after the occurrence, and that Route 132 was "wet and slippery" on the day of the accident. He said that the shoulders were "muddy" and contained a number of holes and ruts. He estimated that there was a difference of about six inches between the level of the paved portion of the road and the shoulder of the road.

Emerson Kropf, a Lake County Deputy Sheriff, also testified that there was a drop-off in the level part of the paved portion of the road and the shoulder. However, he could not recall the depth of the drop-off, but he had previously testified at a coronor's inquest that there was a three to four inch drop-off from the road to the shoulder.

Charles Larson, the Captain of the Lake County Sheriff's Police, testified that he examined the shoulders of the road in question and that they were narrow and lacked gravel. He said there were a number of chuckholes adjacent to the pavement, which were muddy in spots in wet weather. Larson also said that prior to the accident he had written the Illinois Division of Highways, the Lake County Superintendent of Highways and Governor Kerner complaining generally of the conditions of roads in Lake County. The

letter, which was admitted into evidence, refers to all roads in Lake County, and it does not specifically refer to Route 132.

Orin Anderson, the Chief of Police of Gurnee, who previously testified as a witness for Claimant, was also called as a witness for the Respondent. When asked to describe the condition of Route 132 he stated, "The road was blacktopped approximately a year or two years before that, in pretty good shape, not a bad road to drive on." He was further questioned as follows:

Q. "Chief, did you personally see any cracks, holes or bumps in the paved portion of the highway between Edic Road — between Route 132 and the place of the impact, the impact point?

A. I did not see it at all, any holes. To the best of my recollection, there were no holes there.

Q. All right. Now, did you see any cracks there, Chief?

A. To the best of my recollection, there were cracks across the blacktop road.

Q. And how far — what is the width of this crack; do you know?

A. It's well, it runs the whole length of the road here, going all the way to here. (Indicating).

Q. And how wide is it?

A. Oh, maybe an inch or two inches.

Q. Okay. Now do you consider that a road hazard, a hazardous road?

A. No, sir."

Rudolph R. Albores was employed by the Department of Public Works in the Division of Traffic at the time of the accident. He testified for Respondent that he investigated the accident about one week after the occurrence. He said that the condition of the roadway was normal. His report of the investigation stated that the shoulder of the road was four feet wide and covered with gravel, and that the shoulder was soft. He said he did not note that the shoulder was lower than the paved portion of the highway.

He testified further that he did not see any bumps or holes in the shoulder or deficiencies in the eastbound lane shoulder.

Louis Lesniak, employed as a maintenance field engineer by the Department of Transportation of the State of Illinois in the Lake County area, was called as a witness for the Respondent. He testified that he investigated the accident on the day following the accident, and that he observed the surface of the road to be in good condition. He said that it was smooth and that there were no cracks or holes in the paved portion of the highway. He also testified that the shoulder of the road was about one-and-a-half inches below the paved portion of the road, and that there were no ruts or holes in the shoulder.

Photographs of the accident scene, and detailed photographs of the shoulder of the road, were introduced into evidence.

The State owes a duty to those using its streets and highways to keep those roads in a reasonably safe condition. *Schuck v. State, 25 Ill. Ct. Cl. 209.* This duty extends to properly maintaining the shoulders of a highway for the uses for which they are reasonably intended. *Lee v. State, 25 Ill. Ct. Cl. 29; Welch v. State, 25 Ill. Ct. Ct. 270.* In order to recover in this action, Claimant bears the burden of proving, by a preponderance of the evidence, that Respondent breached this duty of reasonable care; that the Respondent's breach was a proximate cause of the accident; and that Mildred Laine was herself in the exercise of due care and caution for her own safety and well being.

However, we need not consider more than the threshold issue of whether the State breached its duty of reasonable care. Although Mildred Laine testified that she was forced off the roadway when her car hit a hole in the road, every witness who examined the road shortly after the accident testified that the road was in

normal condition, and that there were no defects in the road which constituted a hazard to traffic.

With respect to the condition of the shoulder, it is clear that it was soft due to the rain. However, the Claimant's own witnesses were contradictory with respect to the amount of the drop-off from the road to the shoulder. Orin Anderson said he found a six inch drop-off, while Emerson Kropf testified to a three to four inch drop-off.

Respondent's witnesses each testified that there was only a minimal difference between the height of the road and the shoulder.

This conflict in the testimony can be resolved by reference to the photographs of the accident scene which were introduced into evidence. Those same photographs show in clear detail the relationship of the road to the shoulder, and it is clear that there was only a slight drop-off from the road to the shoulder. This Court has previously held, in *Lee v. State, 25 Ill.Ct.Cl. 29,* that a difference in three or four inches in the levels of the road and a shoulder does not constitute a dangerous condition per se. Here it is clear both from the testimony of the witnesses, and the photographs of the accident site which were introduced into evidence, that there was not a substantial drop-off from the road to the shoulder, which would have caused a reasonably prudent driver to lose control of a vehicle which had left the roadway.

In sum, from our examination of those photographs, and our consideration of the testimony of all the witnesses, the Court must conclude that the Claimant has failed to establish by a preponderance of the evidence, that Respondent was negligent in maintaining either the highway or the shoulder.

16

The Court regrets this tragic occurrence, but for the foregoing reasons, this claim must be denied.