(No. 76-CC-1400—

JOYCE EDWARDS, Individually and as Administratrix of the Estate of Chester Edwards, Deceased, and EVELYN EDWARDS, DAVID EDWARDS and JOHN EDWARDS, minors, by their mother and next friend, Joyce Edwards, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 11, 1984.*

*Order on denial of rehearing filed April 3, 1984.*

BRADLEY, BRADLEY & NEDERMAN, for Claimants.

NEIL F. HARTIGAN, Attorney General (JAMES A. KOCH, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This is a claim brought by Joyce Edwards against the State of Illinois for damages resulting from an automobile accident which occurred on July 11, 1974, at 8:55 p.m., which resulted in the death of her husband, Clarence Edwards. The accident occurred on Illinois Route 132, approximately three-tenths of a mile east of Deep Lake Road in Lake Villa Township, Lake County, Illinois. The vehicle that Claimant's decedent was operating left the paved portion of the highway onto a gravel shoulder, subsequently re-entered the highway, and collided with a vehicle traveling in the opposite direction.

It is Claimant's contention that her husband's death was caused by the State's negligence in designing and maintaining the highway area in question. Specifically, Claimant contends the State was negligent in allowing the existence of a three- to four-inch drop-off between the paved roadway and the gravel shoulder which allegedly caused Edwards to lose control of his vehicle. The State was also negligent, it is contended, by failing to post a speed limit lower than 55 miles per hour, by failing to post "no passing" signs, by failing to maintain adequate lane width, and by failing to provide adequate street lighting. Claimant seeks damages in the amount of $100,000 for funeral and burial expenses, as well as loss of support for herself and her three minor children.

Both parties in this case have devoted considerable time to the question of whether or not there did in fact exist a drop-off as claimed at the point where the Edwards vehicle first left the roadway, and if so, whether it gives rise to negligence by the State. It is Claimant's contention that the drop-off was considerable and this

caused the decedent to lose control of his vehicle, resulting in his death.

The evidence discloses the decedent had met his brother-in-law, Scott York, at a riding and boarding stable located immediately south of Route 132, a highway which runs in an east-west direction, at and near the accident site. Edwards as the driver, with York as his passenger, left the stables in Edwards' vehicle and entered Route 132 via the stable entrance near the top of a hill located approximately three-tenths of a mile west of a newly paved section of highway. The Edwards vehicle proceeded east down the hill and onto the newly paved section where the drop-off allegedly existed. Immediately east of the newly paved section, there is another hill. At some point during this short trip, Edwards left the roadway, lost control of his car, and had the fatal collision.

The accident was witnessed by two individuals, Scott York, the passenger in the decedent's vehicle, and George Davison, the driver of the other vehicle involved in the collision. It is their testimony that is crucial to the resolution of this case. Their versions of the accident differ substantially as to the location where Edwards first lost control as well as the manner by which he did so.

Scott York testified that the vehicle in which he was a passenger and which was operated by Mr. Edwards was proceeding down the hill west of the newly paved portion of the highway. He testified there were about six vehicles proceeding from the other direction, and suddenly one of these cars began passing and was therefore in Edwards' lane of travel. At the shoulder of the road located at the bottom of the hill where the newly paved portion, and alleged four-inch drop-off began, Edwards

pulled onto the shoulder to avoid a head-on collision with the passing vehicle. York further testified that Edwards' car immediately began jerking back and forth, went into a slide, re-entered the roadway, and the accident occurred. His testimony was from the time the car first left the road and until the collision, Edwards was "fighting the wheel." York concluded that it was the drop-off that caused Edwards to lose control of his car.

On cross-examination, York was confronted with his testimony given at his deposition during which he testified the Edwards car was going down the hill, that a black car was coming towards them in the opposite direction, and at this point he closed his eyes and put his head down. He stated he remembered nothing after that. He admitted there was no drop-off or other defect on the hill and that the Edwards car could have left the roadway on the hill and not on the newly paved portion of the highway at the bottom of the hill. He further stated that the Edwards car could have left the roadway more than one time prior to the collision.

George Davison testified he was traveling westbound on Route 132 at the time of the accident. He was proceeding rather slowly in his pickup truck since he was carrying a large load of shingles. He was followed by several vehicles before he reached the top of the hill lying east of the newly paved portion of highway and that a vehicle did pass him at a high rate of speed and proceeded west down the hill. When Davison reached the top of the east hill, he observed the Edwards vehicle travel across the top of the west hill at a high rate of speed. At this point, there was no traffic between the Edwards and Davis vehicles. The car that had earlier passed Davison was now out of sight and therefore beyond the Edwards vehicle.

Davison testified the Edwards car first left the roadway at a point on the west hill and substantially away from the newly paved area, the point where York stated the car entered the shoulder and its drop-off. Davison further testified the Edwards car was traveling down the hill at a high rate of speed, moving erratically and swerving on and off the road. After it re-entered the highway for the third time, it collided with the Davison vehicle head-on in Davison's lane of travel.

At the point of impact, Davison had slowed his vehicle considerably and moved far to his right because, according to Davison, he was concerned that Edwards was driving on and off the road, making no apparent effort to slow his vehicle down. He further testified there was 1800 feet from the top of the west hill where Davison first observed Edwards drive off the roadway to the point of impact, which did in fact occur on the newly paved portion of the highway lying between the two hills.

It appears, therefore, that the accident was caused by the negligence of Edwards himself. It further appears from the testimony of Davison that Edwards did not leave the road, at least initially, at the drop-off point as claimed by York, whose testimony on this point was substantially impeached by his own words.

In light of Davison's testimony regarding the high speeds and erratic movement of the Edwards car for some 1800 feet, it is clear that the drop-off was not the cause of the collision but instead this accident was caused by Edwards' own negligence. The driver of a vehicle that leaves the roadway and enters a lower shoulder is under a duty to take certain steps to safely remove himself from the situation. Edwards clearly did not take reasonable steps to correct the problem in which

he found himself. The State cannot be held responsible under these circumstances based upon the evidence produced at the trial. See *Sommer v. State* (1952), 21 Ill. Ct. Cl. 259; *Lee v. State* (1964), 25 Ill. Ct. Cl. 29; *Alsup v. State* (1976), 31 Ill. Ct. Cl. 315; *Hill v. State* (1978), 32 Ill. Ct. Cl. 482.

This Court has repeatedly held that the State is not an insurer of all persons traveling upon its highways. See *Bloom v. State* (1957), 22 Ill. Ct. Cl. 582.

The Court has also laid down the rule that Claimant must prove by a preponderance of the evidence that the State breached its duty of reasonable care and that the negligence flowing from the breach proximately caused Claimant's injury. See *Brockman v. State* (1975), 31 Ill. Ct. Cl. 53; *Laine v. State* (1977), 32 Ill. Ct. Cl. 10.

There is further evidence in the record that the drop-off was comparatively minor. Within five to seven days after the accident, Davison was released from the hospital and returned to the scene of the accident. He measured the distance between the point of impact and the spot where the car driven by Edwards first left the roadway. It was nearly 1800 feet. He testified that there was no drop-off between the roadway and the shoulder at and near the point of impact and along the new asphalt patch. He stated at a point of about 100 to 200 feet from the crest of this hill, a slight drop-off of between two and four inches was found.

The pickup truck that Davison was driving was struck with such force that it caved in the front end of the truck, caused the steering column to be driven almost up to the roof of the cab nearly to the back window, the shingles in the back caved in the back wall of the cab, and the collision broke the back of the pickup truck.

The record is devoid of any evidence to the effect that the State had actual or constructive notice of the alleged defect in the roadway where the accident occurred. The State, in this instance, did not have either actual or constructive notice of any condition that would show it was the proximate cause of the accident.

Claimant having failed to prove the accident was caused by the negligence of the State and the evidence indicating that the cause of the accident was from the acts of decedent, award is hereby denied. Case dismissed.

### ORDER ON DENIAL OF REHEARING

HOLDERMAN, J.

This matter comes before the Court upon petition of Claimants for rehearing and Respondent's response to said petition.

Claimants' petition sets forth, among other things, that the Court ignored the comparative negligence rules of the State of Illinois. The Court did not ignore said rules but was of the opinion there was not any negligence on the part of the Respondent.

It is hereby ordered that the petition of Claimants for rehearing be, and the same is, denied, and the Court's original decision is affirmed.