(No. 82-CC-0495—)

ARTHUR J. ALLEN, SR., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed June 28, 1984.*

HARLAN HELLER, LTD. (M. JOHN HEFNER, JR., of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

This is a claim brought by Arthur J. Allen, Sr., against the State of Illinois whereby Claimant seeks damages for personal injuries he sustained as the result of an accident in which he lost control of his motorcycle on a patched area of Illinois Route 57 in Coles County, approximately one-half mile south of the Route 45 interchange at Mattoon, Illinois. The accident occurred on May 31, 1981, at 7:30 p.m.

Claimant contends that the patched area in question caused him to lose control of his motorcycle when he encountered it. He claims that the patched area was a defective condition of which the State had notice and that the roadway, therefore, was not in a reasonably safe condition, thereby making the State negligent. Claimant contends further that the State was negligent for failing to post warning signs advising the travelling public of the alleged dangerous condition. The State denied Claimant's contentions. An evidentiary hearing was held on January 20, 1983.

As the Court has said many times, the State is not an insurer of all persons travelling upon its highways. (*Bloom v. State* (1957), 22 Ill. Ct. Cl. 582; *Jackson v. State* (1981), 34 Ill. Ct. Cl. 63.) For liability to be imposed upon the State, Claimant must prove by a preponderance of the evidence that the State breached its duty of reasonable

care and the negligence flowing from the breach proximately caused the accident and Claimant's injuries. *Estate of Brochman v. State* (1975), 31 Ill. Ct. Cl. 53; *Laine v. State* (1977), 32 Ill. Ct. Cl. 10 (1977).

It is the duty of the State to exercise reasonable care in the maintenance and care of its highways in order that defective and dangerous conditions likely to injure persons lawfully on the highways shall not exist. (*Moldenhauer v. State* (1978), 32 Ill. Ct. Cl. 514.) The exercise of reasonable care requires the State to keep its highways reasonably safe. (*Schuck v. State* (1965), 25 Ill. Ct. Cl. 209.) If the highways are in a dangerously defective condition and therefore not reasonably safe and the State is on notice of such condition, the State is negligent if it does not notify or warn the public of such condition. *Clark v. State* (1974), 30 Ill. Ct. Cl. 32; *Moldenhauer, supra.*

The Court finds that the foregoing principles of law as applied to the facts of this case mandate the conclusion that Claimant has failed to meet its burden of proof. A close examination of the evidence presented at the hearing discloses that Claimant indeed lost control of his motorcycle when he drove onto the patched area of highway. However, the evidence fails to demonstrate that the patched area was in such a defective and dangerous condition that it left the highway unfit for the purpose for which it was intended, or that the highway was not reasonably safe. (*Schuck, supra.*) The mere happening of this accident, of course, is not enough to impose liability, since as indicated, the State is not an insurer (*Bloom, supra*). The State is not required to make its highway perfect. See *Laine, supra.*

The only occurrence witness to testify was the Claimant. He testified that shortly after entering Route

57 southbound from Route 45, he prepared to pass a slow-moving vehicle driving ahead of him. He looked in his rear-view mirror, saw no traffic behind him, drove his motorcycle into the passing lane and proceeded to pass the slow-moving vehicle. He then accelerated to a speed of approximately 60 miles per hour and began to drive his motorcycle back into his original lane of travel and in front of the vehicle that he had just passed. While making this maneuver he was looking in his rear-view mirror and not at the roadway in front of him. It was at that instant that the front wheel of his motorcycle struck what Claimant described as a hole or bump. Claimant's motorcycle then went into "speed wobble", a phenomenon whereby the front wheel begins shaking violently. Claimant lost control and the motorcycle fell, resulting in various injuries to Claimant. Claimant was familiar with Highway 57 as he had traversed it on prior occasions and had never noticed the bump previously.

Claimant did not describe the patched area where the "speed wobble" occurred beyond referring to it as a bump or hole. He did identify two photographic exhibits which he stated were accurate portrayals of the accident site and the patch in question. Claimant suggests that his photographic exhibits clearly depict an unreasonably dangerous condition. The Court does not agree. It is difficult to make that conclusion from the photographs since the angle of the photographs and other factors undoubtedly effect the viewer's perception of what is depicted and those relevant factors were not addressed. This, of course, would have equal application to the photographs introduced by the State which depict patched areas and, which on first glance, appear harmless. Claimant provided no testimony detailing those important factors, such as the shape, height, configuration, and other matters that go to the heart of the ultimate issue in

this case, which is of course the question of whether or not the patch was in an unreasonably dangerous condition.

The crucial testimony was provided by Paul Fleming, maintenance field technician for the State. Called as an adverse witness by Claimant, Fleming testified that he was directly responsible for patching on Route 57 and of course the accident vicinity. On a regular basis prior to the accident, Mr. Fleming patrolled Route 57 and caused all necessary patch work to be done by the crews.

Mr. Fleming identified the patch depicted in Claimant's photographic exhibits as one made by his crews. He indicated that the patch did not meet the requirements of the standard specifications for road and bridge construction. Those specifications were admitted into evidence and Mr. Fleming explained that they only applied to new highway construction by private contractors and not to State crews doing patch work on existing highways.

Fleming provided lengthy testimony on State maintenance standards regarding highway patching and discussed the feasibility of such things as asphalt and concrete as patch work material. It will serve no purpose to discuss that testimony here. It suffices to say that it was Fleming's unrebutted testimony that the patch work in question, including that depicted in Claimant's photographic exhibits, was acceptable within the State's highway maintenance standards. Mr. Fleming's testimony on this point is unchallenged and we accept it.

Very simply stated, Claimant has failed to demonstrate by a preponderance of the evidence that the patched area of highway, which undoubtedly played a role in the accident, was unreasonably dangerous. This is the only proper conclusion in light of Mr. Fleming's unrebutted testimony. As the State points out in its brief

and as stated previously, the Court has never held that all State roads must be bump free. To hold that they must would be to make the State an insurer.

Claimant must also fail on his allegation that the State was negligent for failing to warn of the alleged dangerous condition. There is no duty to warn unless there is an unreasonably dangerous condition, and as indicated, Claimant's proof has failed on that issue. In light of the foregoing, it is not necessary to discuss the question of Claimant's own conduct or the extent of his injuries.

It is therefore ordered that this claim be, and hereby is, denied.