(Nos. 80-CC-1451, 80-CC-1543 cons)

ROBERT OAKES and JUDITH OAKES, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed September 21, 1984.*

PETER F. FERRACUTI, for Claimants.

NEIL F. HARTIGAN, Attorney General (ROBERT J. SKLAMBERG, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

Claimants in this cause, husband and wife, have filed suit against the State of Illinois for injuries sustained on July 4, 1979, at or about the hour of 8:00 p.m. Claimant Robert Oakes was driving a motorcycle in a northerly direction along and upon County Highway 3, approximately two miles south of Sheridan, between Route 52 and Sheridan, Illinois, in La Salle County, Illinois.

Claimants allege that the motorcycle driven by Claimant Robert Oakes struck a large hole, or a series of holes, in the northbound lane on the road that was known as Bernard curve, which is a portion of the Sheridan spur. The Claimants allege that the holes caused Claimants' motorcycle to go out of control and veer into a southbound lane striking an automobile operated by David Dorrick.

Both Claimants sustained rather severe injuries as a result of the accident. Specifically, Claimants allege that it was negligence on the part of the State that led to the accident and to the ensuing lawsuit and that the State of Illinois:

"A. Carelessly and negligently permitted a large hole to exist on the surface of said highway, despite having knowledge of the existence of said hole in sufficient time to correct said hazard;

B. Carelessly and negligently failed to warn the public, including the Claimants, of the existence of holes or uneven surface of said highway

despite having knowledge or notice of said defects and failed to post said warning;

C. Carelessly and negligently failed to construct, maintain or repair the aforesaid portion of the Sheridan Spur;

D. Carelessly and negligently failed to properly inspect the aforesaid portion of the Sheridan Spur so as to ascertain the existence of the hazard."

As a result of the accident, Claimants state they sustained very serious injuries, requiring multiple surgeries and a tremendous amount of lost time from both of their occupations.

Respondent takes the position that the Claimants have failed to demonstrate by a preponderance of the evidence that Respondent negligently maintained the highway in question. The record shows that repairs had been made in that area no later than two days before the accident happened.

*Brockman v. State* (1975), 31 Ill. Ct. Cl. 53, lays down the following rules relative to what is necessary for a Claimant to prove before an award can be made:

"Negligence—due care. The State is not an insurer of the condition of highways under its control but does have a duty to the public to use reasonable care in maintaining roadways.

Same—burden of proof. The Claimant bears the burden of proving by a preponderance of the evidence that the State is negligent; that the State's negligence proximately caused Claimant's injury; and that Claimant is free of contributory negligence.

Same—evidence—Where design of a highway is in conformity with standards in the industry at the time it was constructed; and where the State employed two persons to check drains along county roads during working day, the State is not guilty of negligent design and maintenance of a highway."

Respondent also cites *Laine v. State* (1977), 32 Ill. Ct. Cl. 10, which states that "in order for Claimant to recover, he must prove that the State was negligent, that such negligence was the proximate cause of the injury, and that Claimant was in the exercise of due care for his own safety." Respondent further cites *Moldenhauer v.*

*State* (1978), 32 Ill. Ct. Cl. 514, where the Court laid down the rule that "in a negligence action, Claimant bears the burden of proving by a preponderance of the evidence that State was negligent, such negligence was the proximate cause of the accident, and that Claimant was not contributorily negligent" and that "Claimant must show Respondent had, or should have had, knowledge of alleged defects before recovery can be had in negligence action."

Claimant, in his complaint, alleges that the accident was caused primarily because the motorcycle driven by Claimant Robert Oakes struck a hole in the pavement. The commissioner's decision emphasizes the fact that there is not any testimony in the record from Claimant or any other witnesses indicating there was a hole in the pavement. Testimony does refer to some rough spots but not to any holes.

It is interesting to note that the record of Respondent shows repairs were made two days prior to the accident, which is strong evidence that the State was alert in trying to maintain a serviceable highway. The record shows this road was built in 1932, some 47 years before the accident occurred.

The record is completely silent as to any knowledge that the State may have had if, in fact, there were holes in the pavement. This, in the opinion of the Court, indicates there were not any holes and even if there were, there was no evidence in the record indicating the State had knowledge of such defects.

It is the Court's opinion that the Claimants have failed in their burden of proof and this case is dismissed.