(No. 84-CC-0952– )

ARTIS TOLIVER and DOROTHY TOLIVER, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 25, 1994.*

MARTIN E. KLEIN LAW OFFICES, for Claimants.

ROLAND W. BURRIS, Attorney General (IAIN D. JOHNSTON, Assistant Attorney General of counsel), for Respondent.

OPINION

SOMMER, C.J.

The Claimants filed a complaint in the Illinois Court of Claims on October 24, 1983, seeking damages "in excess of the jurisdictional amount" of $100,000 for each Claimant, for injuries sustained by them, arising from an accident that occurred on October 3, 1982, while riding on their individual motorcycles on a State highway. The accident occurred about 5:00 p.m.

Artis Toliver and his wife, Dorothy, motorcyclists with 30 years and 8 years experience, were riding their separate vehicles on Illinois Route 1, north of its intersection with Sollitt Road, in the City of Momence, in Kankakee County, Illinois, at a speed of about 50 m.p.h.

Artis Toliver was traveling 10 to 20 feet behind his wife. Both testified that there was a dark spot in the road ahead of them. Artis was 50 to 75 feet from this dark spot when he first saw it. Dorothy applied her brakes 30 feet from the spot, which was a rough portion of the roadway, while Artis did not brake at that time. Dorothy, upon reaching the rough spot, lost control of her vehicle. When both cyclists reached a second bump on the roadway, Artis also lost control of his vehicle and collided with his wife's vehicle, resulting in injuries to both Claimants. Both testified that there was a hole or dip three inches deep and three feet wide followed by a three-inch raised crack on the roadway, with loose material in the hole.

The Claimants' photographic exhibits nos. 1 to 5, purported to be of the location of the accident. These exhibits showed the location of the "dip" and the "crack" in the road that caused the accident. The exhibits were objected to by the Respondent on the grounds that the road had been filled in and fixed; and, therefore, did not

represent the condition of the area at the time before the accident, as testified to by the claimants. We find that said exhibits should be admitted as they indicated the general size and location of the rough portions of the road.

A Respondent's witness, Raymond Mulholland, an employee of IDOT for 27 years as a design project engineer, and a member of the maintenance department and design department testified. He stated that in 1982, at the time of the accident, he was the area field engineer of the maintenance department of IDOT and his duties were to supervise the road conditions, repair and maintenance of all State roads within Kankakee and Iroquois counties. In response to questions as to whether he was familiar with the subject area, he indicated that he was. He drove all the roads in Kankakee County every other month. In reply to the question "were you aware of any prior complaints of a road defect in that portion of the roadway just prior to this accident," he stated "I do not remember any other complaints in that area at all."

Further, Mr. Mulholland stated that he did not recall ever receiving any complaints from any individual as to the area of the accident site. He was then shown the Claimants' photographic exhibits. He was asked if, in his opinion as a field engineer, whether the location there shown was in a safe condition. He responded that it was safe.

Testimony for the Respondent also was given by Mark Berger, the lead worker or foreman over the area in question. He testified that a few days after October 3, 1982, he went to the site of the accident. He found a concrete pavement with some asphalt patches on it. Mr. Berger agreed that the photographic exhibits reflected the condition of the site that he saw. He further testified

that he had no crew in the area between the time of the accident and his visit a few days later; and that the asphalt patches were not new and had been made prior to the accident and were safe. He further stated that pothole crews travelled the road at least once a month looking for problems, which they then repaired.

During the hearing the Claimants' attorney requested a ruling similar to the effect of an I.P.I. 5-01 instruction. The gist of such an instruction is that the Respondent has withheld evidence in its possession, thereby warranting an inference that had such evidence been produced it would have been unfavorable to the Respondent.

In December of 1991 the Claimants had requested a copy of the 1981 road condition report for the district and the work sheets for the work crews. Mr. Mulholland testified that the 1981 road condition report was an aggregate report naming the materials, etc., necessary for an entire county in the next fiscal year. It was not site specific. It was destroyed three years later due to its no longer being current. This report would not be helpful to the Claimants. The work sheets for the work crews were destroyed after one year, due to the volume of paper that would accumulate. The Claimants argued that these reports should have been saved after the notice of filing suit was filed. The State argued that such a requirement would mean that the State could never dispose of any reports, because a claim might be pending somewhere. Insomuch as these reports were requested in December of 1991 and had been destroyed years before due to policy of the State, this Court will not make a finding similar to an I.P.I. 5-01 instruction in this case, as the reports were not deliberately withheld.

At the hearing, Mr. Mulholland testified that a Mr. Wiese, a State employee, had made a report at the time

of the accident. After this testimony, the Claimant made a request for an I.P.I. 5-01 instruction finding in regard to the Wiese report. The Respondent's counsel stated that the day of the trial, Mr. Mulholland requested from the district headquarters all additional reports concerning the accident and was told there were none. In the files delivered to the Claimant was a 1978 computerized collision information document with the name of Wiese at the bottom. Similar reports for other years, including 1982, had the name Ed Jermenc on them. In any event, the Court will not make a finding similar to an I.P.I. 5-01 instruction for the Wiese Report, as the report was not more specifically identified. Whether it was a detailed accident report or a report similar to the Wiese-Jermenc documents was not established by the Claimant. In any event, there is no evidence that it had been deliberately withheld.

This Court has consistently held that the State is not an insurer of all persons travelling on its highways. (*Edwards v. State* (1984), 36 Ill. Ct. Cl. 10, 15.) However, where a dangerous condition on a State highway exists, and a person using said highway becomes involved in an accident involving the condition, that person must prove, by a preponderance of the evidence, that such dangerous condition existed and that the State had actual or constructive notice of it. See *Scroggins v. State* (1991), 43 Ill. Ct. Cl. 225.

The testimony of the Respondent's witness, Mr. Mulholland, indicates that during the period involved and prior, he did not recall ever receiving any complaints from any individual as to the unsafe condition of the accident site. Additionally, Mr. Berger testified that he knew of no such complaints. This testimony must lead to the conclusion that if, *arguendo*, the area was unsafe, the Respondent had no actual notice of such unsafe condition

so as to be charged with negligence in not maintaining same in a reasonably safe condition. See *Scroggins, supra.*

The testimony of the Respondent's witnesses contradicts any claim that an unsafe condition existed for such a length of time as to reasonably conclude that the State was on or had constructive notice. Constructive notice would exist if a dangerous condition existed for such a length of time, that public authorities, by exercise of reasonable care and diligence, should have known of the condition and had the opportunity to make the roadway safe. (*Crile v. State* (1984), 36 Ill. Ct. Cl. 176, 178.) In the absence of such proof, the State cannot be charged with constructive notice of an unsafe condition. (*Baker v. State* (1989), 42 Ill. Ct. Cl. 110, 115.) The State regularly patrolled the area and found nothing. Indeed, the testimony of Mr. Berger contradicts the Claimant's assertion that there was the dangerous condition as described by them.

In the claim of *Allen v. State* (1984), 36 Ill. Ct. Cl. 242, a motorcyclist lost control of his vehicle when it went over a patched area, similar to the one in the present Claim. The Court found that the patched area was not unreasonably dangerous, and stated that "the Court has never held that all State roads must be bump free." *Allen* at 247.

It is the finding of this Court that the State had no actual or constructive notice of the defect alleged by the Claimants, and therefore was not negligent.

It is therefore ordered that this Claim is denied and dismissed.