(No. 89-CC-0398–)

NORA M. HANAWELL, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 3, 1995.*

OLIVER, CLOSE, WORDEN & GREENWALD (THOMAS E. GREENWALD, of counsel), for Claimant.

ROLAND W. BURRIS, Attorney General (SEBASTIAN N. DANZIGER and CYNTHIA J. WOOD, Assistant Attorneys General, of counsel), for Respondent.

## OPINION

JANN, J.

### Facts

On August 12, 1986, Nora Hanawell was leaving work in Roscoe, Illinois, and returning home on a motorcycle when she allegedly struck a piece of concrete in the roadway, causing her motorcycle to crash resulting in injury to her knee. Hearing was held on December 3, 1993, in Chicago.

Claimant was traveling westward on Highway 75 west of its intersection with Interstate 90. She testified that she was preparing to change lanes and checked her mirrors, then over her right shoulder. As she turned her head forward and reached for the signal light to indicate

her turn, she struck something on the pavement and lost control of her motorcycle. She and the motorcycle fell to the right, coming to rest on the side of the roadway. Claimant attempted to get up but was unable to walk due to injuries to her knee.

Claimant's co-worker, Joyce Warden, had been traveling behind Claimant and stopped to assist her. Ms. Warden did not witness the accident. As Joyce Warden was assisting Claimant, she noticed a piece of concrete which appeared to have broken free of the roadway lying in the roadway near Ms. Warden's truck. Claimant also saw the piece of concrete at that time. It was described as being triangular, eight to nine inches long, four to five inches wide and three to four inches thick.

Claimant's injuries resulted in hospitalization for arthroscopic and reconstructive surgery to her right knee. Claimant testified to continuing pain, degeneration and limitation of her normal activities due to the injury. Claimant's medical bills to date are submitted as $8,250.15. Claimant also submits substantial·damages for lost time from her employment and potential employment.

## The Law

Claimant alleges negligent maintenance and repair of the highway by the State and constructive notice of the "substantial disruption of the concrete surface" at the accident site. (Claimant's complaint at paragraph 4.) Both Claimant and Respondent have submitted briefs.

The primary issue in this cause of action is constructive notice by the State as to the condition of the roadway on the date of the accident. Claimant admits there was no actual notice. Claimant testified that she traveled the same stretch of Highway 75 every day for six years and that the road had been in poor condition for approximately six

months. An area approximately 1½ miles long had been repeatedly patched. Joyce Warden and Rita Armato also testified that the roadway at the accident scene had been in poor condition with potholes and patching for at least nine months. Neither Claimant nor her witnesses had ever filed a complaint regarding the road condition with IDOT preceding the accident in question.

Respondent presented Charles Rockwell, a communications technician at IDOT. Mr. Rockwell testified as to IDOT's procedures for recording and investigating complaints or reports of road conditions from police, public citizens and departmental personnel. Mr. Rockwell testified that no complaints were received or recorded for the location between July and September 1986.

Robert Hodgson testified that he has been employed by IDOT for 30 years. He was employed as a maintenance field engineer since 1984. Mr. Hodgson's duties included supervision of highway maintenance crews responsible for the area at issue in this cause. Mr. Hodgson testified that roadway inspections in the area are made daily to weekly depending on conditions and that at the time of the accident, patching crews were sent to fill potholes two to three times per week at Route 251 and Highway 75. He further testified that Route 75 was in "good" not hazardous condition in 1986 although it was deteriorated due to age, salt, heavy traffic and semis.

Greg Hachmaister, a highway maintainer for IDOT since 1973, testified that no complaints were received regarding an obstruction or pothole at the accident site prior to August 12, 1986. On cross-examination, Mr. Hachmaister testified when shown Claimant's Exhibit 25 (a photo purportedly of the accident site, taken November 14, 1986), that there was evidence of patching and normal deterioration attributed to the age of the roadway.

We have routinely held that "the State is not an insurer against all accidents which may occur by reason of the condition of its highways." (*Scroggins v. State* (1991), 43 Ill. Ct. Cl. 225, 226, citing *Gray v. State* (1954), 21 Ill. Ct. Cl. 521.) To prevail in a negligence action, Claimant must prove, by a preponderance of the evidence, that the State breached its duty of reasonable care and that any negligence flowing from the breach proximately caused the accident and Claimant's injuries. (*Allen v. State* (1984), 36 Ill. Ct. Cl. 242, 243-44, citing *Laine v. State* (1977), 32 Ill. Ct. Cl. 10.) It is the duty of the State to exercise reasonable care in the maintenance and care of its highways in order that defective and dangerous conditions likely to injure persons lawfully on the highways shall not exist. (-., citing *Moldenhauer v. State* (1978), 32 Ill. Ct. Cl. 514.) The exercise of reasonable care requires the State to keep its highways in "reasonably safe condition" by using reasonable diligence in such maintenance. (*Scroggins, supra,* at 227.) Reasonably safe does not mean perfect as held in *Allen, supra,* at 244.

"[T]he Court has never held that all State roads must be bump free. To hold that they must, would be to make the State an insurer." *Id* at 247.

*Allen* involved a very similar circumstance to that herein. The claimant in *Allen* asserted that a patched area of Route 57 about one-half mile from its intersection with Route 45 caused him to lose control of his motorcycle and resulted in injuries. Claimant asserted the patched area was a defective condition of which the State had notice and that the roadway was not in a reasonably safe condition. The Court rejected claimant Allen's arguments on the basis of uncontroverted testimony by respondent's witness, an IDOT field maintenance technician, who described IDOT's policies regarding patching and patching materials. The witness stated that the patched area in question was acceptable within State highway maintenance standards.

Similar testimony was related in the case at bar and even Claimant stated that she had observed regular maintenance and repair of potholes, sometimes within one day of her noticing a pothole. She stated that repairs sometimes took from three days to three weeks.

The mere fact that a defective condition existed, if, in fact, it did exist, is insufficient to constitute an act of negligence by the State. (*Palmer v. State* (1964), 25 Ill. Ct. Cl. 1, 2.) "A claimant must show that the State had actual or constructive notice of the defect in order to recover on a negligent highway maintenance claim." *Scroggins, supra*, at 227, citing *Pigott v. State* (1968), 26 Ill. Ct. Cl. 262.

Claimant asserts that the State was required to do major reconstruction of the road surface in order to make the roadway safe for travel. We disagree. To require reconstruction of the roadway because of its age or repeated patching alone would be to require the State to become an insurer of perfect road conditions.

To demonstrate constructive notice, Claimant must show by a preponderance of the evidence that a defect was of such a nature that the State should have known of its existence in the exercise of due diligence. (*Wagner v. State* (1978), 32 Ill. Ct. Cl. 50, 55.) To prove constructive notice, Claimant must show that the "defect was substantial enough and * * * existed for such a length of time that reasonable persons would conclude that immediate repairs should be made * * *." (*Aetna Casualty v. State* (1984), 37 Ill. Ct. Cl. 179, 181.) Claimant has not demonstrated that the alleged piece of concrete which caused the accident existed for any length of time. It has not been shown with certainty that the piece of concrete was actually struck by Claimant or the direct cause of the accident.

If we accept the premise that the loose piece of concrete caused Claimant's accident, it appears most analogous to a line of cases involving debris on the roadway. In *Wagner v. State* (1978), 32 Ill. Ct. Cl. 50, a motorcyclist skidded on gravel on an exit ramp and sustained fatal injuries. In *Baker v. State* (1989), 42 Ill. Ct. Cl. 110, the driver of an auto hit gravel on a highway exit ramp. In both cases the Court found that lacking evidence of the length of time the debris was upon the roadway, the State could not be charged with constructive notice of debris constituting a dangerous condition.

Claimant has cited a number of cases to support her case involving awards made on the basis of failure to warn of dangerous conditions. We find these cases inapposite as Claimant has made no allegations of failure to warn in her complaint.

Respondent has presented evidence of at least weekly maintenance of the roadway in question with crews removing debris and patching potholes. No evidence was presented to indicate that the patching was done in a defective manner or inconsistent with IDOT standards.

We find Claimant has failed to prove by a preponderance of the evidence that the area of the highway in question was unreasonably dangerous and unfit for vehicular traffic due to negligent maintenance. Claimant has failed to prove constructive notice of a dangerous condition and has admitted the State had no actual notice of the alleged dangerous condition.

It is therefore ordered that this claim be, and hereby is, denied.