(No. 80-CC-1773—

WILLIAM MACKOWIAK, Administrator of the Estate of Mark W. Mackowiak, Deceased, Claimant, *v.* THE STATE OF ILLINOIS, DEPARTMENT OF TRANSPORTATION AND HIGHWAYS, Respondent.

*Opinion filed May 10, 1982.*

EDWARD R. VRDOLYAK, LTD., for Claimant.

TYRONE C. FAHNER, Attorney General (SAUL R. WEXLER, Assistant Attorney General, of counsel), for Respondent.

316

HOLDERMAN, J.

On March 29, 1979, at approximately 12:55 p.m., Mark Mackowiak was operating a 1977 Toyota Corolla westbound on I-55 and approaching a point approximately one mile east of the County Line Road where I-294 crosses over I-55. At that time and place, the State of Illinois Department of Transportation vehicles were on I-55 under the I-294 overpass trying to relieve a blocked sewer that had flooded the innermost westbound lane, part of the second lane, and the median shoulder. The easternmost State truck was parked half on and half off the median shoulder on the westbound lane. Behind that truck, a flagman was stationed 90 to 100 feet east, standing on the shoulder facing east. The flagman was carrying a sign which was on a paddle that was two feet in diameter with a reflectorized legend. He testified that the sign and the four flashing lights and the mars light located on the rearmost truck of Respondent were all operating prior to and at the time the Claimant's decedent collided with the truck.

The evidence shows it had been a rainy day, and there is conflicting testimony as to whether it was raining at the time the accident occurred, but the pavement was unquestionably wet. The evidence is clear that the area was visible for at least one-half mile away.

According to the only eyewitness, the decedent lost control of his vehicle prior to the impact, resulting in his death.

Thus, we have a situation where an accident happened in midday, the scene of the accident was clearly visible for at least one-half mile, a flagman with a reflectorized legend was stationed approximately 100 feet behind a State truck, and the truck's warning lights and flasher lights were all in operation prior to and at the time decedent's car collided into the State truck and the concrete wall along the median strip.

There is evidence in the record showing the decedent had received numerous speeding tickets prior to the accident, that he had participated in various types of auto races, and that results of blood tests made by the medical examiner's office showed he had been driving at the time of the accident under the influence of alcoholic beverages.

Claimant states that the State was negligent in not having warning signs farther out than one-half mile from the scene of the accident and that it was negligent in parking the truck partway on the pavement.

This Court has repeatedly held that the State is not an insurer against all accidents occurring on its highways, but only has a duty to keep its highways reasonably safe for ordinary travel by persons using due care and caution for their own safety. 25 Ill. Ct. Cl. 209.

Claimant bears the burden of proving by a preponderance of the evidence that the State is negligent; that the State's negligence was the proximate cause of Claimant's injury; and that Claimant is free of contributory negligence. (*Nestman v. State* (1975), 31 Ill. Ct. Cl. 62.) In the same case, this Court held that "to approach a place of known danger without care commensurate with such danger is contributory negligence." 31 Ill. Ct. Cl. 62, 73.

Claimant argues that the evidence that was admitted relative to the speeding tickets of the decedent and the evidence submitted relative to decedent using alcoholic beverages prior to the time of the accident was inadmissible.

Eliminating the evidence relative to the possible intoxication of decedent and also that of the speeding tickets, we have a picture of an individual driving on a wet pavement approaching a flagman waving a reflectorized sign, and a State truck with warning lights and flasher lights on the rear of said truck, all of which were visible, according to an eyewitness, for a distance of approximately one-half mile. Despite this fact, decedent lost control of his automobile, collided with the State truck and the concrete wall along the median strip, and was killed.

It is of the opinion of this Court that Claimant has failed to prove any negligence on the part of the State and that the proximate cause of this accident was the result of decedent's own actions in failing to have his automobile under control on a wet pavement thereby losing control of said automobile. To hold otherwise would make the State of Illinois an insurer against all accidents occuring on its highways despite the negligence of drivers of vehicles travelling upon said highways.

Award denied.