(No. 80-CC-2051– )

HARRY SLAGEL *et al.*, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 6, 1990.*

GOODING & SCHROEDER, LTD. (JOHN L. SCHROEDER, of counsel), for Claimants.

NEIL F. HARTIGAN, Attorney General (SAUL WEXLER, Special Assistant Attorney General, of counsel), for Respondent.

SOMMER, J.

This action was brought by Harry Slagel, individually and in his capacity as father and next friend of his three minor children, Andrew Slagel, Bonnie Slagel and Larry Slagel, his wife Sandra, and their adult son, Allan. They seek damages for personal injuries sustained by

them in a vehicular collision that occurred on August 13, 1979, in Coral Township, McHenry County, Illinois.

Hearings were held before Commissioner Everett C. McLeary of the Court of Claims.

Following the close of Claimants' evidence, Respondent moved and subsequently filed its motion for judgment pursuant to section 2—1110 of the Illinois Code of Civil Procedure. Because of the bifurcated nature of the Court of Claims, it was agreed that Respondent would proceed to introduce evidence without waiving the timeliness or the substance of its motion.

In midafternoon, on August 13, 1979, six members of the Slagel family (hereinafter "Claimants"), while returning home after a visit to the Railroad Museum in Union, Illinois, were injured when their car collided with a van. The collision occurred on Route 20, 1.5 miles west of its intersection with Church Road. The Claimants' family car, a 1978 Chevrolet Impala, four-door sedan, was driven by Allan Slagel, then 19 years old. The van was owned by P.O. Knuth, Inc., and driven by Gus Ritter.

The Claimants filed a lawsuit in the nineteenth judicial circuit, McHenry County, Illinois, against P.O. Knuth, Inc., Gus Ritter, the County of McHenry, the McHenry County Superintendent of Highways, Coral Township Highway Commissioner, and the sheriff of McHenry County, under case no. 79-L-248. This action was ultimately settled and certain covenants not to sue and releases were executed. Claimants then brought this action against the Illinois Department of Transportation and the Illinois State Police.

The Slagel car was traveling eastbound on Route 20 at a speed of 50 to 55 m.p.h. The accident occurred

approximately 1.5 miles west of Route 20 at its intersection with Church Road. Just west of the accident scene there is a slight hill, at the crest of which the road makes a right-hand curve. The evidence and testimony indicate that as Allan drove the Slagel car down the slight incline of the hill, the car was in the westbound lane. Ritter was driving his van westbound along Route 20. Upon seeing the Impala coming directly at him, Ritter swerved into the eastbound lane in order to avoid the Claimants' car. At that moment, Allan apparently recovered control of his vehicle and tried to return the car to the eastbound lane. About 50 feet from the crest of the hill, the two vehicles collided.

Claimants' action rests on their contention that the accident was proximately caused by a missing sign that would have warned Allan of the right-hand curve.

Claimants offered the testimony of Thomas O'Donnell to support their claim that the curve sign was missing. O'Donnell, a personal friend of Claimants' attorney, went to the accident scene several weeks after the incident and testified that there was no curve sign at that time. He took photos of the sign laying on the ground. O'Donnell claimed that he telephoned the Woodstock Department of Transportation facility and reported the downed sign after his trip to the scene. However, the Department's records do not reflect a report having been made. The Department's records show that the only time this particular sign was reported down was in the fall of 1980, and it was replaced. No testimony was presented that would tend to show the sign in place at the time of the accident.

Joseph J. Kostur, director of safety and claims for the Department of Transportation, testified on behalf of the Respondents. His testimony reveals other facts

pertinent to the condition of this particular stretch of road. On August 1, 1979, the road had just been restriped with "no passing" lines. In July 1980, the Department did a ballpark test which showed the curve had a reading of 6 at the speed of 55 m.p.h. A reading of 6 at this speed means that 55 m.p.h. is a safe speed at which to negotiate that curve. In addition to the "no passing lines" on the road, in the area just preceding the accident there were also a "no passing zone" sign, two curve signs (one for the immediately preceding curve), and a 45 m.p.h. speed advisory plate. These signs were in place at the time of the Slagel accident.

The State trooper who appeared at the scene shortly after the accident testified that the curve could safely be driven at 65 m.p.h., and that the speed limit at the time was 55 m.p.h. The trooper stated that it was his opinion, based upon seven years of investigating accidents as a police officer, that the cause of the Slagels' accident was inattentiveness on the part of their driver. He also testified that there were no other accidents at that site prior to the one in question.

In order for the Claimants to prevail in their claim for damages, they must first prove that the alleged defective condition existed and then prove the following elements: that the State had actual or constructive knowledge of the condition, that the proximate cause of the alleged injuries was the State's failure to remedy the condition and, that Claimant was free from contributory negligence. *Cataldo v. State* (1983), 36 Ill. Ct. Cl. 24.

Claimants' complaint filed herein alleges two alternative theories of liability: that the Department of Transportation was negligent in its maintenance of highway signs along Route 20, or that the State police were negligent in their inspection of the same. With

respect to the latter theory, it became apparent that this was the duty of the McHenry County Sheriff.

The State is not an insurer against all accidents on highways. The State only has a duty to keep the highways reasonably safe for ordinary travel by persons using due care and caution for their own safety. *Mackowiak v. State* (1982), 35 Ill. Ct. Cl. 315, 317.

In this case, the Claimants are alleging that the State should have known that the curve sign was missing—in other words, constructive knowledge should be imputed to the State. This allegation assumes that the absence of the sign with constructive knowledge would amount to negligence. It is with this contention that this Court disagrees. The parties have made much of whether the curve sign was present at the time of the accident, and the Claimant has introduced some evidence going to show that such sign was down, while the State has shown that it had no actual knowledge of such. The facts are that the road was hilly and curvy, that numerous warning signs and markings existed in the area preceding the accident site, that the State police and the Department of Transportation testified that the curve was safe at a somewhat higher speed than posted. These warnings were sufficient to put the driver on notice that care in that particular section of road was necessary. Additionally, the curve was not necessarily dangerous for someone going somewhat faster than the posted limits. Therefore, this Court finds that the absence of the sign, even if proven, did not create a hazard for a driver exercising due care and caution in light of the previous warnings and general conditions prevailing. Thus, negligence cannot be imputed to the State. Because of our ruling, we will not consider the issues of constructive notice, proximate cause, or the possible negligence of

the driver who had already driven the same stretch of road earlier in the day. The motion of the Respondent is hereby granted. The claims of the Claimants are hereby dismissed.